## PRATT *vs.* FITZHUGH ET AL.

1. The right of a party to a writ of error from this court, under the 22d section of the judiciary act, is expressly confined to cases where the matter in dispute exceeds the sum or value of two thousand dollars exclusive of costs.

2. This means a property value capable of being ascertained and measured by the ordinary standard of value, and unless the fact necessary to bring the case within the statute be shown by the record or by evidence *aliunde*, this court has no jurisdiction to review the judgment of the Circuit Court.

8. Therefore, where a cause comes into this court on writ of error to a Circuit Court of the United States, and it appears that no question is controverted between the parties, except whether the defendants below were liable to imprisonment, and that question is raised upon an order of the Circuit Court discharging them on *habeas corpus,* the writ of error must be dismissed for want of jurisdiction.

Error to the Circuit Court of the United States for the northern district of New York.

In May, 1857, the plaintiff in error, Pratt, filed his libel in the District Court of the United States for the northern district of New York against the propeller Kentucky, her boats, &c., to recover damages caused by a collision with a vessel owned by him on Lake Erie. The Kentucky was seized on the 27th of May, and on the same day a bond for her release was executed by the defendants, as sureties for the claimant of the Kentucky, which bond was duly approved and the Kentucky was discharged. A recovery was had by plaintiff, and a decree perfected in his favor in May, 1859, for $21,581 28 against the claimant of the Kentucky, and Fitzhugh, Littlejohn, and Miller, his sureties. In July, 1859, execution issued commanding the marshal of the district to make the amount of the decree out of the goods and chattels of the defendants, and failing in this, to arrest and keep them until the moneys were paid. Under this process the defendants were imprisoned, but were discharged after a hearing upon *habeas corpus* by the Circuit Court of the United States for the northern district of New

York, on the ground that as the law of the State had abolished imprisonment for debt on contracts, the defendants could not be imprisoned under the acts of Congress of 28th February, 1839, and 14th June, 1841. This writ of error was then taken by Pratt, the plaintiff below, and the question argued in this court was, whether, under the acts of Congress, the defendants were liable to imprisonment.

Upon this question the arguments were elaborate and full, but they are not given here because nothing was decided by this court except the question of jurisdiction.

*Mr. Rogers,* of New York, for plaintiff in error.

*Mr. Grant,* of New York, for defendants in error.

Mr. Justice NELSON.   Pratt, the plaintiff in error, obtained a decree in admiralty against the propeller Kentucky for a collision on Lake Erie.   The defendants had given a bond as sureties for the discharge of the vessel from the attachment when first seized, and a summary decree was entered against them, according to the rules and practice in the District Court. Execution was issued, commanding the marshal to make the decree out of the goods and chattels, &c., of the defendants; and in default thereof, to arrest and keep them in custody till the moneys were paid, &c.   The defendants were arrested and imprisoned under this process.   Afterwards a writ of *habeas corpus* was issued by the Circuit Court for the northern district of New York, and upon a return of the marshal, setting forth the above facts, as furnishing the authority for the imprisonment, an order was entered discharging them from imprisonment; holding that, as the State of New York had abolished imprisonment for debt on contracts, the defendants could not be imprisoned within the acts of Congress of the 28th February, 1839, and 14th June, 1841.

The case is before us on a writ of error.  A motion has been made to dismiss the case for want of jurisdiction.

The case is brought up under the 22d section of the judiciary act, which confines the writ of error to cases "where the mat-

ter in dispute exceeds the sum or value of two thousand dol-
lars, exclusive of costs." This has always been held to mean
a property value, and without the fact of value being shown
on the record, or by evidence *aliunde*, the court has no juris-
diction to hear or re-examine the case. The cases of *Weston*
vs. *The City Council of South Carolina*, (2 Peters, 449,) and
*Holmes* vs. *Jennison*, (14 ib., 540,) referred to, were brought
up from State courts under the 25th section of the judiciary
act, in which case no value is required. We do not doubt but
that the order discharging the defendants was a final one, and
that the only objection to the jurisdiction is the one above
stated.

*Judgment dismissing the cause for want of jurisdiction.*