### POTTS ET AL. *v.* CHUMASERO ET AL.

Writs of error and appeals lie to this court from the Supreme court of the Territory of Montana only in cases where the value of the property or the amount in controversy exceeds the sum of one thousand dollars, and from decisions upon writs of *habeas corpus* involving the question of personal freedom. Rev. Stat., sect. 1909.

ERROR to the Supreme Court of the Territory of Montana.

Sect. 1 of an act of the legislature of the Territory of Montana, approved Feb. 11, 1874 (Laws of Montana, 8th sess., 1874, p. 43), provides, —

"That the seat of government of the Territory of Montana be, and the same is hereby, changed from the city of Virginia, in the county of Madison, to the town of Helena, in the county of Lewis and Clark, upon the approval hereof as hereinafter provided."

Sect. 2 provides that the question of removal shall be submitted to the qualified electors of the Territory at the general election to be held in 1874.

Sect. 3 prescribes the method of voting on the question, and provides, that, if a greater number. of votes are cast for the removal than against it, "it shall be taken, deemed, and held that this law has been duly approved, and that the seat of government of the Territory of Montana has been in due form of law removed to the said town of Helena, and the governor shall make public proclamation thereof."

Sect. 5 provides that the votes cast for the approval of this law shall be counted, returned, and canvassed in the same manner and by the same persons and officers as votes for delegate in Congress.

Sect. 20 of the codified statutes of Montana (c. 23, p. 466) makes it "the duty of the secretary of the Territory, with a marshal of the Territory or his deputy, in presence of the governor, to proceed within thirty days after the election, and sooner if the returns be received, to canvass the votes given for delegate for Congress; and the governor shall grant a certificate of election to the person having the highest number of votes, and shall issue a proclamation declaring the election of such person."

At the general election held in the Territory on the 3d of August, 1874, the electors voted on the approval or disapproval of the law above referred to.

On the 2d September, 1874, thirty days after the election, the secretary and marshal of the Territory, in the presence of the governor, opened and canvassed the votes returned from the several counties of the Territory, recorded and signed the certificate of the count, and adjourned *sine die*. The canvass thus made showed a majority of the votes against removal.

On the 11th December, 1874, the defendants in error filed a petition in the Supreme Court of the Territory, setting forth

that they are resident citizens of Helena, in Montana Territory, and are attorneys and counsellors-at-law; that in the course of their practice, in order to attend the sessions of the Supreme Court, "they are required and compelled to make frequent journeys to the seat of government of said Territory; that heretofore they have been required and compelled to make frequent journeys to the city of Virginia," where the seat of government was located, and where it has hitherto remained, and where the records of said court, and clerk thereof, continue to remain; that, in order to attend to their professional duties, they are obliged to expend large sums of money in and about defraying their expenses for fare in stage-coaches thereto and therefrom, and for board and lodging at hotels along the route and at said city; and that they are therefore beneficially interested in having the seat of government and the Supreme Court of said Territory removed to Helena, which is about one hundred miles distant from said city.

The petition then sets forth in substance that the votes of two counties, although duly returned, had been improperly excluded, and that, had they been counted, the result would have been different; and it concludes by praying that a writ of mandate be issued to the plaintiffs in error, — viz., the governor, secretary, and marshal of the Territory, — commanding them again to canvass the votes in accordance with the findings and judgment of the court.

A demurrer to the petition having been overruled, the plaintiffs in error answered, denying its allegations, and setting up that the removal of the seat of government would involve an expense to the United States of $3,000.

The court found the facts for the petitioners, and issued the writ of mandate as prayed for: whereupon the case was brought here.

*Mr. Richard T. Merrick,* for the defendants in error, in support of a motion to dismiss for want of jurisdiction.

*Mr. James A. Garfield, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We have no jurisdiction in this case.   Writs of error and

appeals lie to this court from the Supreme Court of the Territory of Montana only in cases where the value of the property or the amount in controversy exceeds the sum of $1,000, and from decisions upon writs of *habeas corpus* involving the question of personal freedom. Rev. Stat., sect. 1909.

In *Barry* v. *Mercien*, 5 How. 120, it was held, Chief Justice Taney speaking for the court, that, in order to give us jurisdiction in a case dependent upon the amount in controversy, " the matter in dispute must be money, or some right, the value of which in money can be calculated and ascertained." This rule has been followed in many cases. *Pratt* v. *Fitzhugh*, 1 Black, 273; *De Krafft* v. *Barry*, 2 id. 714.

In the present case, the contest is not for money, or any right the value of which can be measured by money. The petitioners, to show that they have such a special interest in the question presented for adjudication as entitles them to commence and maintain the action, allege that they are attorneys and counsellors-at-law, and that, by the removal of the seat of government from Helena to Virginia City, their expenses will be increased while in attendance upon the courts pursuant to their professional engagements. But this is not the matter in controversy. The contest is as to the validity of certain proceedings for the removal of the seat of government for the Territory. The interest which the petitioners have in that contest is not in any sense property. Besides, they do not complain.

The defendants, who are the plaintiffs in error here, do not claim to be personally interested pecuniarily in the litigation. They only state in their answer, that, if a removal is had, the United States will be put to an expense of $3,000. But in this proceeding they do not represent the United States. They are government officials; but they do not appear here in their official capacity. By a law of the Territory, it has been made their duty to canvass the votes cast at a Territorial election. In this they act for the people of the Territory, and not for the United States. They derive all their authority for this purpose from a law of the Territory, and not from a law of Congress. If a judgment is given against them, they will not lose any money; neither will the petitioners gain any from them.

*Writ dismissed for want of jurisdiction.*