## YOUNGSTOWN BANK v. HUGHES.

The value of the matter in dispute, when the jurisdiction of this court depends thereon, must be such as can be ascertained in money, and, if not disclosed by the record, may be shown by affidavits.

ON motion to dismiss an appeal from the Circuit Court of the United States for the Northern District of Ohio.

The case in stated in the opinion of the court.

*Mr. W. C. McFarland* in support of the motion.
*Mr. Sidney Strong, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Section 2782 of the Revised Statutes of Ohio (1880) provides, that if a county auditor has reason to believe or is informed that any person has given to a tax-assessor a false statement of his personal property, moneys, &c., or that the assessor has made an erroneous return of any property, moneys, &c., which are by law subject to taxation, he may proceed to correct the return and to charge such persons on the tax duplicate with the proper amount of taxes ; " to enable him to do which he is . . . authorized and empowered to issue compulsory process, and require the attendance of any person or persons whom he may suppose to have a knowledge of the articles, or value of the personal property, moneys, or credits, investments in bonds,

stocks, joint-stock companies, or otherwise, and examine such person or persons, on oath, in relation to such statement or return."

Section 2783 provides for process of subpœna in case any person shall neglect to appear and testify when called on by the auditor, and for punishment for contempt.

Under the authority of this statute the auditor of Mahoning County, in the exercise of his power to charge persons on the tax duplicate with the proper amount of taxes, called on the cashier of the First National Bank of Youngstown to appear and testify, and, because he could not testify without, to bring with him, the books of the bank showing its deposits. Thereupon the bank filed a bill in equity to enjoin the auditor, alleging for cause that such a proceeding on his part would unlawfully expose its business affairs, lessen public confidence in it as a depository of moneys, diminish its deposits, and greatly impair the value of its franchises. The Circuit Court dismissed the bill, and the bank appealed. A motion is now made to dismiss the appeal for want of jurisdiction, because the value of the matter in dispute does not exceed $5,000.

In *Barry* v. *Mercein*, 5 How. 103, it was decided that to give this court jurisdiction in cases dependent upon the amount in controversy, "the matter in dispute must be money, or some right, the value of which, in money, can be calculated and ascertained." To the same effect are *Pratt* v. *Fitzhugh*, 1 Black, 271; *De Krafft* v. *Barney*, 2 id. 704; *Potts* v. *Chumasero*, 92 U. S. 358, 361.

The present suit is not for money, nor for anything the value of which can be measured by money. The bank has no interest in the taxes to be placed on the tax duplicate. There is no property in dispute between the auditor and the bank. If the cashier is compelled to testify and to produce the books to be used in evidence for the purposes required, the damages, if any, resulting to the bank, would be, in the highest degree, remote and speculative. Certainly no suit for even nominal damages could be sustained against the auditor on account of what he had done. All the cashier is required to do, is to give testimony in a proceeding instituted under the authority of law by the auditor to perfect the tax lists of the county. It is

supposed the books of the bank contain evidence pertinent to this inquiry, and appropriate measures are taken to have them produced for examination. The case is in no respect different in principle from what it would be if the evidence was called for in an ordinary suit in a court of justice between individuals.

Affidavits can only be used to furnish evidence of value not appearing on the face of the record when the nature of the matter in dispute is such as to admit of an estimate of its value in money.

*Appeal dismissed.*