## WHITNEY v. AMERICAN SHIPBUILDING CO.

### (District Court, N. D. Ohio, E. D. November 7, 1911.)

### No. 8,210.

**REMOVAL OF CAUSES (§ 11*)—AMOUNT OR VALUE IN CONTROVERSY—RIGHT INCAPABLE OF MONEY VALUATION.**

Under the requirement of the Federal Judiciary Act of March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1,

---

24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), that to give a Circuit Court jurisdiction the matter in dispute must exceed, exclusive of interest and costs, the sum or value of $2,000, such matter must be money or some right, the value of which in money can be calculated and ascertained; and under such rule a suit brought in a state court by a stockholder for a mandatory injunction to compel the corporation to permit complainant to inspect its books and records is not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

In Equity. Suit by Frank P. Whitney against the American Shipbuilding Company. On motion to remand to state court. Motion sustained.

See, also, 190 Fed. 109.

Thompson, Hine & Flory, of Cleveland, Ohio, for plaintiff.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendant.

DAY, District Judge. On the 27th day of July, 1911, the plaintiff filed in the common pleas court of Cuyahoga county, Ohio, a petition, averring in substance that he was a stockholder of the American Shipbuilding Company; that he had demanded of said company, in proper manner, permission to inspect the books, papers, documents, and records of the defendant company; that the defendant company, through its board of directors, refused such demand, and the plaintiff prayed that the defendant be enjoined from refusing him the inspection of these books, papers, documents, and records, and that an order be directed to the defendant to permit the plaintiff, or his agents, to make such inspection; that on the 15th day of August, 1911, there was filed in the common pleas court of Cuyahoga county a petition by the defendant in the above-entitled suit, asking for its removal to the United States Circuit Court for the Northern District of Ohio, stating, in substance, the diversity of citizenship, and that the matter in dispute exceeded the sum of $2,000, exclusive of interest and costs; all the proceedings were regularly taken for the removal of the suit, and that on the 26th day of October, 1911, the plaintiff filed a plea to the jurisdiction, stating as the reasons for his objections to the jurisdiction of this court that the matter in dispute in said suit is less than $2,000, and further denying that the right sought to be protected is of the value of $2,000. There were no affidavits or other proof introduced by either party.

The general jurisdiction of the Circuit Court of the United States, in so far as the matter in controversy is concerned, is regulated by section 629 of the Compiled Statutes of the United States (U. S. Comp. St. 1901, p. 508), and reads as follows:

"The Circuit Court of the United States shall have original cognizance concurrent with the courts of the several states of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars," etc.

It has been established by repeated decisions of the United States courts that the jurisdiction of the courts of the United States is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

limited, and that the right of the mover of a cause from a state court to the United States Circuit Court is statutory only, and that the purpose of the statute above quoted is to restrict the jurisdiction of the courts of the United States, especially by removal from the state courts, and that where the right of removal is doubtful the United States courts should decline the jurisdiction.

The question to be determined here is: Does the matter here in dispute exceed the sum or value of $2,000? It is then important to determine the exact position taken by the plaintiff and the defendant as to what law governs the right upon which they rely in the case at bar.

The plaintiff contends that the matter in dispute in this case is the right of the American Shipbuilding Company to refuse Frank Whitney an examination of certain books relating to certain specific contracts; and the defendant, the Shipbuilding Company, contends in its brief that there is a broader right, saying:

"The right to refuse to allow an inspection of the books by Whitney is merely an instance of the exercise of a broader right. It is nothing more than a consequent right: that is, one depending upon and flowing from a larger and more fundamental right. * * * And it is this larger right which is the real matter in dispute, both in the removal suit and in the injunction suit. It is this last-named right which it is the object of this bill to protect."

Taking the rights relied upon by either the plaintiff or defendant, it is pertinent to inquire whether such rights are capable of ascertainment in money value. The matter in dispute may be some right, as contended by the defendant in its brief; it may be the value of the object to be gained by the plaintiff in the suit or in a suit for mandatory injunction, as in the case at bar. The amount in controversy or matter in dispute is the value of the plaintiff's alleged right, which is denied by the defendant. Or, it may be the value of the right of the plaintiff for which he prays protection, or the value to the defendant of the acts which the plaintiff prays prevention. But it has been decided that, whatever this right is, it must be such as can be ascertained in money.

In the case of Youngstown Bank v. Hughes, 106 U. S. 523, 1 Sup. Ct. 489, 27 L. Ed. 268, under the authority of the statute of the state of Ohio, the auditor of Mahoning county, in the exercise of his power to charge persons on the tax duplicates with the proper amount of taxes, called on the cashier of the First National Bank of Youngstown to appear and testify and to bring with him the books of the bank, showing its deposits. Thereupon the bank filed a suit in equity to enjoin the auditor, alleging for cause that such a proceeding on his part would unlawfully expose its business affairs, lessen public confidence in it as a depository of moneys, diminish its depositors, and greatly impair the value of its franchise. The Circuit Court dismissed the bill, and the bank appealed. A motion was filed in the Supreme Court of the United States to dismiss the appeal for want of jurisdiction, because the value of the matter in dispute did not exceed $5,000. Mr. Chief Justice Waite in delivering the opinion of the court says:

"The present suit is not for money, nor for anything the value of which can be measured by money. The bank has no interest in taxes to be placed on the tax duplicate. * * * If the cashier is compelled to testify and produce the books to be used in evidence for the purpose required, the damages, if any, resulting to the bank, would be in the highest degree remote and speculative."

In Barry v. Mercein, 6 How. 103, 12 L. Ed. 70, it was decided by the Supreme Court that to give the Supreme Court jurisdiction in cases depended upon the amount in controversy. The matter in dispute must be money or some right, the value of which in money can be calculated and ascertained. See, also, Pratt v. Fitzhugh, 1 Black, 271, 17 L. Ed. 206, De Krafft v. Barney, 2 Black, 704, 17 L. Ed. 350, and Potts v. Chumasero, 92 U. S. 358, 361, 23 L. Ed. 499.

I am unable to say that the right involved in this controversy has a value which can be calculated and ascertained in money, and for that reason the plea will be sustained and the cause remanded to the common pleas court of Cuyahoga county at the costs of the defendant.