### In re RED CROSS LINE.

(District Court, S. D. New York. June 20, 1921.)

No. 691.

1. **Removal of causes ⊜⟿12—Civil suit between alien and citizen in district where neither was an inhabitant, involving more than $3,000, removable.**

   A suit of a civil nature, at law or in equity, brought by an alien against a citizen of a state of the Union, involving a sum of more than $3,000, in a district wherein neither plaintiff nor defendant was an inhabitant, *held* removable to the federal court.

2. **Removal of causes ⊜⟿19 (5)—Suit to specifically enforce arbitration agreement held not to arise under Constitution and laws of United States.**

   A suit involving an attempt specifically to enforce an arbitration agreement under a state contract in a dispute between the owners and char-

terers of a vessel does not arise under the Constitution or laws of the United States, so as to allow a removal to the federal court.

**3. Removal of causes ⊚═72—Suit to specifically enforce arbitration agreement held not to involve jurisdictional amount.**

A suit to specifically enforce an arbitration agreement under a state statute in a dispute between the owners and charterers of a vessel *held* not removable, since the jurisdictional amount is not involved; the value of an arbitration being one of convenience, to which no pecuniary value can be given, and breach of which will result in nominal damages only.

**4. Removal of causes ⊚═4—Proceeding to enforce arbitration agreement under state statute held not "suit," within removal statute.**

A proceeding between the owners and charterers of a vessel in a state court to specifically enforce an arbitration agreement under a state statute *held* not a "suit," within the meaning of the removal statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

**5. Courts ⊚═394(7)—Adverse decision as to whether cause of action is cognizable only in admiralty may be taken to Supreme Court of United States.**

In a proceeding by an alien to recover overpaid charter hire, brought against a citizen of a state of the Union, whether the cause of action is cognizable in admiralty only is a point which may be raised in the state court, and, if decided adversely to defendant, can be taken to the Supreme Court of the United States.

Petition by the Red Cross Line for an order directing the Atlantic Fruit Company to proceed to arbitration, removed on petition of the Atlantic Fruit Company to the United States District Court. On motion by the Red Cross Line to remand, and by the Atlantic Fruit Company to dismiss for lack of jurisdiction. Motion to dismiss denied, and motion to remand granted.

See, also, 277 Fed. 857.

Hunt, Hill & Betts, John W. Crandall, and E. F. Rapallo, all of New York City, for Atlantic Fruit Co.

Loomis, Barrett & Jones, Homer L. Loomis, and Reginald B. Williams, all of New York City, for Red Cross Line.

AUGUSTUS N. HAND, District Judge. The Red Cross Line has a claim against the Atlantic Fruit Company to recover $35,256.96, charter hire and expenses alleged to have been overpaid by the Red Cross Line in ignorance that the master had failed to prosecute the voyage with dispatch. The charter party contained the covenant that the captain should prosecute the voyage "with the utmost dispatch." It contained the following arbitration clause:

"23. That, should any dispute arise between owners and charterers, the matters in dispute shall be referred to three persons in New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision, or that of any two of them, shall be final, and, for the purpose of enforcing any award, this agreement may be made a rule of court. * * *"

The Red Cross Line demanded an arbitration pursuant to the foregoing clause of the charter party, but the Atlantic Fruit Company refused to submit the matter to arbitration. Thereupon the Red Cross

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Line filed a petition in the New York Supreme Court, New York County, pursuant to chapter 275 of the Laws of 1920 of the state of New York, praying that an order be made by that court requiring the Atlantic Fruit Company to proceed to an arbitration.

In this state of the record in the state court, the Atlantic Fruit Company filed its petition and bond for removal to this court, alleging that the Red Cross Line is a British corporation and the Atlantic Fruit Company is a Delaware corporation, having an office at 61 Broadway, New York City. The petition for removal further alleges that the matter in dispute exceeds the sum of $3,000, exclusive of interest and costs, and is a suit of a civil nature at law or in equity, arising under the Constitution or laws of the United States, because it is one of admiralty and maritime jurisdiction, and is one betweeen a citizen of a state and a foreign citizen or subject. On removal to this court, the Red Cross Line, appearing specially, moved to remand, and the Atlantic Fruit Company, likewise appearing specially, moved to dismiss for lack of jurisdiction.

[1] (a) If this is a suit of a civil nature, at law or in equity, between an alien and a citizen of a state of the Union, and involves the sum of more than $3,000, I have no doubt that it was properly removed under the rule laid down in Guaranty Trust Co. v. McCabe, 250 Fed. 699, 163 C. C. A. 31. All the judges in that case held that an alien, suing a citizen in a district whereof neither the plaintiff nor defendant was an inhabitant, could not object to removal by the citizen. It was on this very point that the majority of the court distinguished the cases of Matter of Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and Matter of Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, from Ex parte Wisner, 203 U. S. 449, 704, 27 Sup. Ct. 150 (51 L. Ed. 264), and the dissenting judge said (250 Fed. at page 704, 163 C. C. A. 31):

"We all start * * * with the assumption that, when an alien sues a nonresident citizen in a state court, the defendant may remove the cause to the District Court for the district in which the suit is brought."

Such an expression of opinion from the Circuit Court of Appeals must clearly be binding on me.

[2] (b) The cause may be removed to this court if it involves more than the sum of $3,000 and arises under the Constitution and Laws of the United States. For the reasons I have given, if cause of removal exists, the defendant's waiver makes removal to this district proper. But it seems clear that the suit does not arise under the Constitution and laws of the United States. Mr. Justice Moody, in the case of In re Winn, 213 U. S. at page 465, 29 Sup. Ct. 516 (53 L. Ed. 873), said:

" * * * It is the settled interpretation of these words, as used in this statute conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough, as the law now exists, that it appears that the defendant may find in the Constitution or laws of the United States some ground of defense. Louisville & Nashville Railroad v. Mottley, 211 U. S. 149, and cases cited. If the defendant has any such defense to the plaintiff's claim, it may be set up in the state courts, and, if properly set up and denied by the

highest court of the state, may ultimately be brought to this court for decision."

See, also, Berton v. Tietjen & Lang Dry Dock Co. (D. C.) 219 Fed. 763.

In this case the suit involves an attempt specifically to enforce an arbitration agreement under a state statute. It clearly does not arise under the Constitution or laws of the United States, within the meaning of those words as judicially determined.

[3] But, whichever ground of jurisdiction be relied on, there is not the jurisdictional amount involved. The value of an arbitration is one of convenience. No pecuniary value can be given to it, and a breach can only result in nominal damages. Street v. Rigby, 6 Vesey, 815. Such a cause of action cannot be removed. Kurtz v. Moffit, 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458; Youngstown v. Hughes, 106 U. S. 523, 1 Sup. Ct. 489, 27 L. Ed. 268; De Krafft v. Barney, 2 Black. 704, 17 L. Ed. 350; Whitney v. American Ship-building Co. (D. C.) 197 Fed. 777.

The overpaid charter hire is not here the matter in dispute, but solely the right of specific performance of the agreement to arbitrate. If the arbitration is ordered, the function of the court, so far as the proceeding instituted goes, ceases.

[4] Furthermore, I think, under the decision of Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, the proceeding to compel specific performance, instituted in the New York Supreme Court in compliance with the state statute, was not a suit within the meaning of the removal statute.

[5] Whether the cause of action to recover overpaid charter hire is only cognizable in admiralty is a point which can be raised in the state court, and, if decided adversely to the Atlantic Fruit Company, can be taken to the Supreme Court of the United States.

The cause must be remanded because—

(1) It does not arise under the Constitution or laws of the United States.

(2) There is not the jurisdictional amount involved.

(3) The proceeding is not a "suit" contemplated by the Removal Act. That act does not relate to a cause in admiralty, even though the present proceeding can be regarded as such a cause of action.

The motion to dismiss is denied, and the motion to remand is granted.