**Jerome G. BAUER et al., Plaintiffs,**

v.

**Richard W. McLAREN, Assistant Attorney General of the United States, et al., Defendants.**

**Civ. No. 10–268–C–1.**

United States District Court, S. D. Iowa, C. D.

Sept. 20, 1971.

Memorandum and Order Sept. 24, 1971.

As Amended Sept. 21, 1971.

Jerry E. Williams, Des Moines, Iowa, Herbert M. Wachtell and Bertram Kantor, New York City, for plaintiffs.

Allen L. Donielson, U. S. Atty., John E. Sarbaugh, Francis C. Hoyt and Susan A. Henderson, Attys., United States Dept. of Justice, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROY L. STEPHENSON, Circuit Judge (Sitting by Assignment).

This action is one instituted by Jerome G. Bauer and Edward E. Rawson for declaratory and injunctive relief. The question sought to be raised is whether the use-restriction concept of immunity [1] embodied in the Organized Crime Control Act of 1970 [2] is constitutionally offensive when measured by the standards of the Fifth Amendment.

Messrs. Bauer and Rawson are executive employees of the Des Moines, Iowa

---

1. Use-restriction immunity is to be distinguished from transactional immunity. Under the latter, a witness is granted plenary immunity from any future prosecution relating to the subject matter of his testimony. By the former is meant proscription of the use of the compelled testimony directly or indirectly against the witness in a subsequent criminal proceeding.

2. Section 6002 of Title 18, United States Code, added by the Organized Crime Control Act of 1970 (hereinafter, "the Act"), October 15, 1970, Pub.L. 91–452, § 201 (a), 84 Stat. 927.

division of Pepsi-Cola General Bottlers, Inc. They, along with others, including Pepsi-Cola General Bottlers, Inc., are under investigation by a Federal Grand Jury for the Southern District of Iowa.

On April 29, May 4 and 6, 1971, the Government caused to be issued and served separate subpoenas *ad testificandum* to Mr. Bauer and Mr. Rawson, commanding their appearance before the Grand Jury on May 18 "to give testimony pertaining to an investigation into possible violations of the federal antitrust laws and of other federal criminal statutes * * * in the production, distribution and sale of soft drinks in Iowa."

One day prior to their scheduled appearance before the Federal Grand Jury, Mr. Bauer and Mr. Rawson instituted this action against certain officials of the United States Department of Justice for declaratory and injunctive relief. They claim that § 6002, *supra,* is facially repugnant to the Fifth Amendment. As a concomitant to this challenge they ask for the convening of a statutory three-judge court under 28 U.S.C.A. §§ 2282 and 2284. They seek to invoke this Court's federal question jurisdiction under 28 U.S.C.A. § 1331.

Messrs. Bauer and Rawson appeared before the Grand Jury as directed. However, of the questions put to them they declined, on Fifth Amendment grounds, to answer all but certain preliminary questions concerning routine matters of identification. Accordingly, and pursuant to § 6003(b) of the Act, the Government has moved for an order to compel their testimony. The request as to Mr. Bauer has been withdrawn.

The Government has moved to dismiss the complaint. The motion challenges the presence of the jurisdictional amount prescribed by § 1331, and, as well, the

right of Messrs. Bauer and Rawson to the relief requested.

### I. *Subject Matter Jurisdiction*

Jurisdiction is premised on 28 U.S. C.A. § 1331, the general federal question provision. By that statute this Court is empowered to hear and determine "all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

The first facet of the Government's motion is directed to the sufficiency of the amount in controversy allegation. The complaint seeks federal equitable relief and purports to allege the existence of the $10,000 jurisdictional minimum. The Government's argument is that because the complaint fails to allege facts which, if true, fairly could be deemed determinative of the value of the rights sought to be enforced or protected by this action, it is deficient as a matter of law. The response of Messrs. Bauer and Rawson is that the jurisdictional amount allegation has sufficient support in the present record for § 1331 jurisdiction. They focus on the restraint of trade statute[3] with reference to which the Grand Jury supposedly is seeking to conduct its investigation; they suggest that if they are forced to incriminate themselves by giving to the Grand Jury the information sought a prosecution might ensue; they stress that if they should be found guilty and convicted they could, conceivably, be fined a maximum of $50,000, and they argue that it is the possibility of this fine which fulfills the jurisdictional minimum requisite.[4]

Where federal jurisdiction is bottomed on a statute requiring that more than a certain minimum amount be in controversy,[5] as here, the standard is

---

3. See 15 U.S.C.A. § 1.

4. This argument overlooks certain pertinent legislative history. See 1955 U.S. Code Cong. and Adm.News, pp. 2322–2325.

5. Other jurisdictional statutes requiring a minimum amount in controversy include 28 U.S.C.A. § 1332 (diversity of citizenship); § 1335 (interpleader); § 1346 (claims against the United States), and § 1445 (removal of certain actions against carriers).

that pronounced in Barry v. Mercein, 46 U.S. (5 How.) 103, 120, 12 L.Ed. 70 (1847):

"[T]he matter in dispute must be money, or some right, the value of which, in money, can be calculated and ascertained."

And, if injunctive relief is sought, the amount in controversy usually is tested by the value of the right sought to be gained by the plaintiff.[6]

■ This Court has grave doubts as to whether these plaintiffs present the requisite amount in controversy for federal court jurisdiction under § 1331. The rights and interests which they, by this lawsuit, seek to protect are not, because of their intangible character, readily susceptible of reduction to a precise pecuniary standard of value.[7] Furthermore, this Court is not at all persuaded that it is free to consider the collateral effect of the Sherman Antitrust Act penalty as part of the amount in controversy for the purpose of determining jurisdiction.[8] Nevertheless, and because the Court feels that these plaintiffs at least colorably make out a case for federal equitable relief, it will be assumed that they could, if given adequate opportunity so to do, come forward with competent and preponderant proof supportive of the jurisdictional facts baldly alleged in their complaint.[9] This disposition seems to the Court appropriately to reflect the policy underpinning the plain implications of the Supreme Court's recent reaffirmation of the principle that " 'where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' " [10]

## II. *Right to the Relief Requested*

The complaint challenges a federal statute, names Federal officers as parties defendant, asks for injunctive relief, and alleges that the questioned statute is contrary to the Constitution. Accordingly, and pursuant to 28 U.S.C.A. § 2282, the convening of a statutory court of three judges is requested. Thus, this Court necessarily and initially is confronted with the determination of "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirement of the three-judge statute." [11] The defense motion opposes the convening of a three-judge court and seeks dismissal on the ground, essentially, that the plaintiffs have adequate remedies available to them at law in that they would be able to present their constitutional challenges to the statute involved at some subsequent time and that requiring them so to do would not produce irreparable injury of such a nature as to justify equitable relief. The plaintiffs, in support of their position, rely particularly on what they describe as a "Hobson's choice of alternatives" to sup-

---

6. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 125, 36 S.Ct. 30, 60 L.Ed. 174 (1915) and Packard v. Banton, 264 U.S. 140, 142, 44 S.Ct. 257, 68 L.Ed. 596 (1924).

7. See and compare Kurtz v. Moffitt, 115 U.S. 487, 498, 6 S.Ct. 148, 29 L.Ed. 458 (1885) ; First National Bank of Youngstown v. Hughes, 106 U.S. 523, 1 S.Ct. 489, 27 L.Ed. 268 (1882) and Barry v. Mercein, *supra* with Berk v. Laird, 429 F.2d 302, 306 (2 Cir. 1970) and Friedman v. International Ass'n of Machinists, 95 U.S.App.D.C. 128, 220 F.2d 808, 810 (1955).

8. See, e. g., Healy v. Ratta, 292 U.S. 263, 268, 54 S.Ct. 700, 78 L.Ed. 1248 (1934).

9. See the standard enunciated in McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ; KVOS Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936), and Hulsenbusch v. Davidson Rubber Co., 344 F.2d 730, 733 (8 Cir. 1965).

10. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 392, 91 S.Ct. 1999, 2002, 29 L.Ed.2d 619 (1971) (citation omitted).

11. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

port their claim that equitable relief is called for here because of the absence of a plain and adequate remedy at law. This hard choice is said to arise from the fact that the statute in question forces these plaintiffs to choose between compliance therewith, at a cost of surrendering their constitutional right against compulsory self-incrimination, or ignoring it at the risk of incurring fines and imprisonment should contempt proceedings be initiated to enforce its provisions.

From the teachings of Idlewild Bon Voyage, *supra*, it is at once apparent that this Court need not convene a three-judge court if the constitutional question presented is wholly insubstantial.[12] While it is settled law that this lack of substantiality may appear either because the constitutional question is obviously without merit or because its unsoundness is so clearly demonstrated by previous decisions of the Supreme Court as to foreclose the subject,[13] this Court is of the view that a lack of substantiality also may appear from the posture of the question at issue. Thus, if the question is not yet reducible to judicial determination, if the legal issues underlying the claim of unconstitutionality are not fully formed with the consequence that it is not certain that the action and consequences of which a litigant complains will take effect, then, so far as this Court is concerned, little is to be gained from convening a statutory court of three judges.

▮▮ By this measure, there are, for this Court, two persuasive factors which weigh against a holding that the question here is presently in a posture appropriate for constitutional adjudication: (a) The factual atmosphere of the case is supplied by a continuing investigation of this District's Grand Jury into possible criminal violations of the federal law. Messrs. Bauer and Rawson seek to cripple these important investigatory proceedings by this lawsuit. They attempt so to do at a time when there is nothing in the record to suggest that this investigation is anything other than a routine, standard and impartial inquiry into matters as to which grand juries may legitimately inquire. That such an investigation might pose for these plaintiffs what amounts to a "hard" choice between two difficult alternatives is not, in the judgment of this Court, a dilemma of constitutional dimensions, but rather can only be considered a routine and expected fact of life for those whose conduct is operative to undercut and stultify the routine investigatory moves of a grand jury. All this seems to the Court vividly to demonstrate the complete absence of irreparable injury. The following cases lend some support to this conclusion. United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 327–328, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and Alexander v. United States, 201 U.S. 117, 121, 26 S.Ct. 356, 50 L.Ed. 686 (1906). (b) These defendants have gone no further than to seek an order compelling the testimony of Messrs. Bauer and Rawson. They apparently have withdrawn the request with respect to Mr. Bauer. The order has not been granted, immunity has not been conferred and neither plaintiff has yet contumaciously to refuse to testify under the protective cloak of use-immunity. These distinctive and dispositive facts seem to the Court supportive of a conclusion that the issue sought to be raised here, viz., the constitutionality

---

12. See also Swift and Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed.2d 152 (1934); Ex Parte Collins, 277 U.S. 565, 568–569, 48 S.Ct. 585, 72 L.Ed. 990 (1928), and

Herald Company v. Harper, 410 F.2d 125, 127 (8 Cir. 1969).

13. California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938) and Herald Company v. Harper, *supra*, p. 128 of 410 F.2d.

of the use-immunity statute, is not as yet "ripe" for constitutional adjudication.[14] The Court therefore holds that, because the disputed issue can receive plenary consideration at a later stage of these, or related, proceedings,[15] because the full impact of the questioned statute's application to these plaintiffs is now unclear, because deferral of constitutional adjudication to a later time will not work irreparable injury to the asserted interests of these plaintiffs, and because a consideration of the constitutional issue at this early stage of these proceedings would dislocate the normal operation of the Grand Jury proceedings, the constitutional issue presented is wholly insubstantial because it is not ripe for adjudication. Accordingly, the motion to convene a three-judge court will be denied and the motion to dismiss for failure to state a claim upon which relief could be granted will be sustained.[16]

It is ordered that the motion herein to convene a three-judge court be, and hereby is, denied.

It is further ordered that the motion of the defendants herein to dismiss this action for failure to state a claim upon which relief can be granted be, and hereby is, sustained.

## MEMORANDUM AND ORDER

Jerome G. Bauer and Edward E. Rawson have applied for a stay of a decision of this Court dated September 20, 1971,

pending appeal thereof to the United States Court of Appeals for the Eighth Circuit or, alternatively, for a stay pending disposition of a similar application to be filed in the Circuit Court forthwith. The Government has filed a resistance thereto.

The plaintiffs, while under subpoena to appear before a federal grand jury investigating possible violations of the Sherman Antitrust Act, brought this action seeking a declaratory judgment and an injunction against the application of a federal immunity statute on the ground that it violated the Fifth Amendment of the Federal Constitution. The complaint named as defendants and sought relief against certain officials of the United States Department of Justice who were charged with the responsibility of conducting the grand jury inquiry. Their complaint purported to invoke this Court's general federal question subject matter jurisdiction[1] and challenged as invalid the federal statute conferring use-restriction immunity.[2] They alleged that they had been subpoenaed to appear before the grand jury and that the Department of Justice refused to inform them whether they were considered as potentially subject to indictment upon the matters as to which they would be called to testify pursuant to the subpoenas. The complaint contended that the defendants had threatened to enforce the named statute for the purpose of compelling their testimony. They requested the con-

14. The issue of "ripeness" is ably discussed in the following cases. Poe v. Ullman, 367 U.S. 497, 504, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd, 347 U.S. 222, 224, 74 S.Ct. 447, 98 L.Ed. 650 (1954); Arizona v. California, 283 U.S. 423, 462, 51 S.Ct. 522, 75 L.Ed. 1154 (1931), and New Jersey v. Sargent, 269 U.S. 328, 334, 46 S.Ct. 122, 70 L.Ed. 289 (1925).

15. A question of the sort sought to be litigated here normally is raised when contempt or similar proceedings are commenced to enforce the order compelling testimony. See, e. g., Stewart v. United States, 440 F.2d 954 (9 Cir. 1971), cert. granted, sub nom. Kastigar v. United States, 402 U.S. 971, 91 S.Ct. 1668, 29 L.Ed.2d 135 (1971) and In the Matter of

Jack Korman and Robert W. Likas, 449 F.2d 32 (7 Cir. 1971). See also United States v. Ryan, supra, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85.

16. Compare, as to the appropriateness of a dismissal on the merits, Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

1. 28 U.S.C.A. § 1331.

2. 18 U.S.C.A. § 6002, added by the Organized Crime Control Act of 1970, October 15, 1970, Pub.L. 91–452, § 201(a), 84 Stat. 927, embodies the use-restriction concept of immunity. The plaintiffs contend that use immunity is unconstitutional because it does not afford complete and absolute immunity co-extensive with the immunity provided by the Fifth Amendment.

vening of a three-judge federal court under 28 U.S.C.A. §§ 2282 and 2284, a declaration that the challenged statute was unconstitutional, and temporary and permanent injunctions prohibiting the enforcement of the challenged statute.

The defendants filed motion papers opposing the convening of the three-judge court and the issuance of a temporary injunction, and moved to dismiss the complaint for failure to state a claim upon which relief could be granted on the grounds, a] the complaint failed to disclose that the $10,000 minimum, required by § 1331 for federal question jurisdiction, was in controversy, and b] there was an adequate remedy at law in that the plaintiffs would be able to litigate their constitutional challenges to the statute involved at a later, more prudent, date.

This Court, after hearing oral argument and without requesting the convening of a three-judge court, sustained the defendants' motion and dismissed the action. It did so because of its view (a) that the complaint wholly failed to demonstrate any irreparable injury from threats to invoke the use-immunity statute;[3] (b) that the appropriate time to attack the questioned statute had yet to arrive since immunity had not been conferred; (c) that to permit an attack of the sort attempted to be lodged here would disrupt and block the normal course of the grand jury proceedings; and (d) that for all of the foregoing rea-

sons the complaint failed to frame a substantial constitutional question of the kind required for the convening of a statutory three-judge court because the question was not ripe for adjudication.[4] The Court reached the merits of the dispute despite its strong misgivings on the jurisdictional issue.[5]

■ Without question a federal court is empowered to stay the enforcement of a judgment pending appeal.[6] Although this Court is unable readily to locate a decision of the United States Court of Appeals for the Eighth Circuit which postulates an applicable standard to determine whether a particular party is entitled to such relief, other Circuits have endeavored so to do. Thus, it generally is required that (a) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay would do no harm to the public interest.[7]

■ It is this Court's conclusion that these plaintiffs cannot satisfy any of these conditions. With respect to the first, *Ryan, Cobbledick,* and *Alexander,* together with the doctrine of ripeness, seem clearly to foreclose appellate success on the merits. As to the second, this Court already specifically has found that the "injury" these plaintiffs face is sole-

3. As to this, the Court relied on United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971) ; Cobbledick v. United States, 309 U.S. 323, 327–328, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and Alexander v. United States, 201 U.S. 117, 121, 26 S.Ct. 356, 50 L.Ed. 686 (1906).

4. As to the ripeness issue, the Court considered Poe v. Ullman, 367 U.S. 497, 504, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) ; International Longshoremen's and Warehousemen's Union Local 37 v. Boyd, 347 U.S. 222, 224, 74 S.Ct. 447, 98 L.Ed. 650 (1954) ; Arizona v. California, 283 U.S. 423, 462, 51 S.Ct. 522, 75 L.Ed. 1154 (1931), and New Jersey v. Sargent, 269 U.S. 328, 334, 46 S.Ct. 122, 70 L.Ed. 289 (1925).

5. The plaintiffs, by their complaint, alleged that the $10,000 minimum was in controversy. However, they did not seek monetary damages nor allege facts which fairly could be deemed determinative of the value of the rights sought to be gained by their suit.

6. F.R.A.P. Rule 8, 28 U.S.C.A. and Fed. Rules Civ.Proc. Rule 62(c), 28 U.S.C.A. See Scripps-Howard Radio v. Federal Communications Comm'n, 316 U.S. 4, 9–10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942).

7. Pitcher v. Laird, 415 F.2d 743, 744–745 (5 Cir. 1969) and Belcher v. Birmingham Trust National Bank, 395 F.2d 685, 686 (5 Cir. 1968).

ly that incidental to every routine grand jury inquiry. And, as to the third and fourth, a stay at this point in time would serve only to disrupt, again, the important investigatory activities of the grand jury. All this in the aggregate compels this Court to deny the application for a stay. The plaintiffs will, however, be afforded time within which to seek similar relief from the United States Court of Appeals for the Eighth Circuit.

It is ordered that the application of Jerome G. Bauer and Edward E. Rawson for a Stay of this Court's Order herein under date of September 20, 1971, be, and hereby is, denied.

It is further ordered that this Court's September 20, 1971 Order be, and hereby is, stayed for a period of 10 days hereof for the sole and express purpose of affording the plaintiffs herein time within which to seek a Stay from the United States Court of Appeals for the Eighth Circuit.

It is further ordered that should such application not be filed within such time or, if it is filed but not acted upon within such time, this Stay is to expire automatically.