THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*

WILLIAM GREEN

*v.*

ARTHUR A. SMITH.

</div>

| 51 | 177 |
| 125 | 170 |
| 51 | 177 |
| 160 | 453 |
| 51 | 177 |
| 183 | 329 |
| 51 | 177 |
| 208 | ¹184 |

1. CONTESTED ELECTIONS—*decision of the circuit court final.* Under the act of 1867, authorizing the people of Cass county to vote upon the removal of their county seat, the election may be contested, according to the mode prescribed for the contest of elections for county officers, which is governed by the 49th section of the election law of 1845, and, under the latter act, the decision of the circuit court, on an appeal from the decision of the justices, is final, and can not be reviewed in the Supreme Court; and this rule applies to the contest of the election in regard to the removal of the county seat of Cass county, under the first mentioned act.

2. BILL OF EXCEPTIONS—*when a judge will not be compelled to sign the same.* In such case, the decision of the circuit court being final, the judge trying the cause will not be compelled to sign a bill of exceptions in reference thereto.

This was a petition for MANDAMUS upon an agreed state of facts.

The opinion states the case.

Messrs. RICHMOND, EPLER, WHITNEY & INGERSOLL, for the relator.

12—51ST ILL.

Mr. H. E. Dummer and Mr. H. B. McClure, for the respondent.

Mr. Justice Lawrence delivered the opinion of the Court:

By an act of the legislature, approved February 14, 1867, the people of Cass county were authorized to vote upon the removal of their county seat, and it was provided that any citizen who should vote at said election might contest it, by giving notice in writing of his intention so to do, to any other citizen who had voted on the opposite side. It was further provided, that "said contest shall be conducted in compliance with existing laws of this State with reference to the contest of elections for county officers, in all respects, so far as the same may be applicable." The vote having been taken, a contest of this character was heard, first, before three justices of the peace, and afterwards, by appeal, before the circuit court, as directed by the statute to which reference is made in the act. The circuit court, having pronounced judgment, declined to sign a bill of exceptions, and this is an application to us for a writ of mandamus requiring the judge to do so.

The statute in regard to the contest of elections for county officers, provides, that the decision of the circuit court shall be final, and in the case of *Moore* v. *Mayfield*, 47 Ill. 167, we held this language denied to the parties the right of having such decision reviewed in this court. This is decisive of the question before us. The proceeding is purely statutory. Without the aid of the act this contest could not have been brought in this form before the circuit court, and the jurisdiction can be exercised only subject to the limitations of the act. The proceeding is to be of the same character with contests in regard to the election of county officers, and such contests must terminate with the decision of the circuit court. A different rule can not be applied here.

*Mandamus refused.*