THOMAS JENNINGS

v.

MAURICE JOYCE.

*Filed at Mt. Vernon January 25, 1886.*

1. CONTESTED ELECTION—*jurisdiction.* The circuit court, as a court of chancery, has no jurisdiction of a proceeding to contest the election of one to the office of mayor of a city.

2. SAME—*former decisions.* The decisions of this court in the case of *Dale v. Irwin*, 78 Ill. 175, and that of *Talkington v. Turner*, 71 id. 234, therein referred to, only gave a construction to sections 113, 114, 115, 116 and 119, of chapter 46, of the Revised Statutes. What was said in the first case refers solely to the practice in the proceeding to contest an election, as being similar to that in chancery, and has no bearing upon the question of the jurisdiction of a court of chancery in such cases.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. E. R. DAVIS, and Mr. FRANK B. BOWMAN, for the plaintiff in error.

Mr. CHARLES W. THOMAS, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity exhibited by Thomas C. Jennings, against Maurice Joyce, in the circuit court of St. Clair county, to contest an election to the office of mayor of the city of East St. Louis. The circuit court, on motion of the defendant, dismissed the bill for want of jurisdiction, and that ruling presents the only question on this record for our consideration.

It is contended, against the ruling of the circuit court, that this court held in *Dale v. Irwin*, 78 Ill. 175, that contesting an election is a chancery proceeding. That, and the preceding case of *Talkington v. Turner*, 71 Ill. 234, therein referred to, but gave construction to sections 113, 114, 115, 116 and

119, of chapter 46, of the Revised Statutes of 1874, entitled "Elections." Prior to the enactment of that statute, it had been held that a court of chancery had no jurisdiction to inquire into the validity of an election, (*Moore* v. *Hoisington,* 31 Ill. 243,) and in *Dickey* v. *Reed et al.* 78 Ill. 271, decided since its enactment, it has also been held that a court of chancery has no power to contest an election, even where the statute has not provided a mode for contesting. But it was held in the case first cited, not that a court of chancery has jurisdiction in cases of contested elections, but that the proceeding for contesting elections, provided by the sections of the statute to which we have referred, "from its incipiency * * * to the final judgment, has all the incidents of a regular bill in chancery." What was said had no bearing whatever upon the question of the jurisdiction or power of courts of chancery, but refers solely to the practice, in this particular statutory proceeding, to contest elections, and holds that it is as in cases of bills in chancery.

The only jurisdiction conferred by that statute upon circuit courts in cases of contested elections, is "to hear and determine contests of the election of the judges of the county court of their counties, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to a vote of the people of the county." (Rev. Stat. sec. 97, *ut supra.*) Since, therefore, apart from the statute, the court had no jurisdiction, and the statute itself confers none, the bill was properly dismissed for want of jurisdiction. It is unnecessary to consider what, if any other, tribunal has the requisite jurisdiction. That question is not before us.

The decree is affirmed.

*Decree affirmed.*