JOHN J. DOUGLAS

*v.*

JONAS HUTCHINSON *et al.*

*Opinion filed December 18, 1899.*

183    323
92a   ³504
f92a  ³505
183    323
e208  ²184
e208  ¹185

1. CONSTITUTIONAL LAW—*section 12 of article 6 construed.* The provision of section 12 of article 6 of the constitution, that circuit courts shall have original jurisdiction in all cases at law or in equity, includes the prosecution of every claim or demand known at the adoption of the constitution as an action at law or in equity, and all actions since provided for in which personal or property rights are involved, which belong to the same class or are of the same nature as previously existing actions at law or in equity.

2. ELECTIONS—*a proceeding to contest an election is purely statutory.* The contest of an election is a purely statutory proceeding, which is neither an action at law nor in equity, and cannot be brought before a circuit court without the aid of a statute.

3. SAME—*circuit court of Cook county cannot hear contest of election for superior judge.* The circuit court of Cook county is not authorized to hear a contest of election for judge of the superior court by virtue of section 12 of article 6 and section 19 of article 2 of the constitution, conferring original jurisdiction on circuit courts in all cases at law and in equity, and providing that every person should have a remedy for injury to person, property or reputation.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES G. NEELEY, Judge, presiding.

LAWRENCE HARMON, and FREDERICK S. BAIRD, for appellant:

The circuit court shall have original jurisdiction of all causes in law and equity and such appellate jurisdiction as may be provided by law. Const. sec. 12, art. 6.

All jurisdiction is derived from the State constitution. *Missouri Tel. Co.* v. *Bank,* 74 Ill. 217.

Every person ought to find a certain remedy in the laws for all injuries and wrongs he may receive in his person, property or reputation. He ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly

and without delay. Const. sec. 19, art. 2; *Sample* v. *Anderson,* 4 Gilm. 546; *Brewster* v. *Scarborough,* 2 Scam. 280.

A frequent recurrence to the fundamental principles of civil government is absolutely necessary to preserve the blessings of liberty. Const. sec. 20, art. 2.

Under this broad language every man should have a right to call upon the courts to protect him in his property, person and reputation, without reference to whether other persons are suffering from the same cause. *Wylie* v. *Elwood,* 34 Ill. App. 244.

The legislature possesses no power to directly or indirectly restrict the right to vote, except under the provisions of section 1 of article 7 of the constitution, relating to persons convicted of infamous crimes. *Sanner* v. *Patton,* 155 Ill. 561.

The right to have ballots lawfully counted and the true result ascertained is an essential and necessary part of the constitutional right of suffrage, which the elector cannot be deprived of either by the neglect of the legislature to provide a forum in which to bring the contest or mode of procedure. *People* v. *Wiant,* 48 Ill. 268; *Boren* v. *Smith,* 47 id. 489.

The constitution is a grant of power to judicial and executive officers, but a limitation on the powers of the legislative department. *Field* v. *People,* 2 Scam. 79.

The constitution is construed as acting prospectively. *Chicago* v. *Rumsey,* 87 Ill. 348.

Circuit courts in this State have general original jurisdiction of all cases at law and in equity,—and this without regard to the origin of the right or source of title. *Isett* v. *Stuart,* 80 Ill. 404.

The circuit courts in Illinois are the only courts of general original jurisdiction under the constitution. The Supreme Court's jurisdiction is limited by the constitution; the county court's by the constitution and the statute. *Hundley* v. *Commissioners,* 67 Ill. 563; *Canby* v. *Hartzell,* 167 id. 628; *Baird* v. *Hutchinson,* 179 id. 435; *Kenney* v. *Greer,*

13 id. 432; *Snowball* v. *People*, 147 id. 260; *Brewster* v. *Scar-borough*, 2 Scam. 282; *Beaubien* v. *Brinkerhoff*, id. 269; *Walls* v. *Mason*, 4 id. 88.

When there was no statute either giving a remedy or designating a forum in which the result of an election regarding location of a county seat could be contested, jurisdiction was entertained of the controversy on the chancery side of the circuit court, for otherwise the voters of the county would be remediless. *People* v. *Wiant*, 48 Ill. 268; *Boren* v. *Smith*, 47 id. 486.

The legislature has no power to deprive circuit courts of the original jurisdiction conferred on them by section 12 of article 6 of the constitution of 1870. *Howell* v. *Moores*, 127 Ill. 67; *Berkowitz* v. *Lester*, 121 id. 99; *Wilson* v. *People*, 94 id. 426; *People* v. *Bradley*, 60 id. 390; *Myers* v. *People*, 67 id. 509; *Weatherford* v. *People*, id. 250; *Mapes* v. *People*, 69 id. 523; *Darling* v. *McDonald*, 101 id. 370.

The proceeding to contest an election is a "cause" or "case," under section 12 of article 6 of the constitution.

Deneen & Hamill, and Stein & Platt, (Thomas A. Moran, S. S. Gregory, and John S. Miller, of counsel,) for appellees:

The circuit court, under its general powers, has no jurisdiction to hear an election contest, as a proceeding to contest an election is not a suit at law. *Moore* v. *Mayfield*, 47 Ill. 167; *People* v. *Smith*, 51 id. 177; *Kreitz* v. *Behrensmeyer*, 125 id. 141.

No court has jurisdiction of the contest of an election to any office except such as has been conferred upon it by statute. *Dickey* v. *Reed*, 78 Ill. 261; *Linegar* v. *Rittenhouse*, 94 id. 208; *Moore* v. *Hoisington*, 31 id. 243; *Jennings* v. *Joyce*, 116 id. 179; *Allerton* v. *Hopkins*, 160 id. 448; *People* v. *Smith*, 51 id. 178.

The county court has no jurisdiction to entertain a petition to contest an election for judges of the superior court of Cook county. *Baird* v. *Hutchinson*, 179 Ill. 435.

The circuit court, in respect to its powers to hear election contests, is a court of special jurisdiction, and has no greater power to hear contests of election for judges of the superior court of Cook county than that possessed by the county court. *Donlin* v. *Hettinger*, 57 Ill. 351.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, an elector of the county of Cook, filed with the clerk of the circuit court of that county a statement in writing, verified by his affidavit, setting forth certain points on which he would contest the election of appellees as judges of the superior court of said county, and alleging that other candidates received a greater number of legal votes and were lawfully elected as such judges. The circuit court dismissed the proceeding, on motion of appellees, for want of jurisdiction, and rendered judgment against appellant for costs.

Section 96 of the Election law purports to confer jurisdiction upon this court to hear and determine contests of elections to the office of judges of the superior court of Cook county, but we decided in the case of *Canby* v. *Hartzell*, 167 Ill. 628, that said section is unconstitutional. Section 98 of said Election law gives the county court jurisdiction to hear and determine contests of elections of all officers for the contesting of whose elections no provision is otherwise made, and a proceeding begun under that section to contest the election of appellees as judges of the superior court came before us, by appeal from the county court, in *Baird* v. *Hutchinson*, 179 Ill. 435. We then held that the contest of such an election is not embraced within the terms of said section 98, and that the county court had no jurisdiction. Section 97 of the same Election law confers upon the circuit court concurrent jurisdiction with the county court in all cases embraced under section 98, but inasmuch as the county court has no jurisdiction of this class of contests under section

98, it necessarily follows that the circuit court has none by virtue of the statute. There is no statute under which the circuit court could acquire jurisdiction in this case.

The argument for appellant is, that the circuit court should have heard and determined the contest by virtue of section 12 of article 6 of the constitution, which provides: "The circuit courts shall have original jurisdiction of all causes in law and equity," and section 19 of article 2, as follows: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay." It is insisted that under these provisions of the constitution appellant may call upon the circuit court to protect him, as a member of the body empowered to elect judges of the superior court, in his political right to have the ballots cast at the election lawfully counted and the true result ascertained. If such a proceeding is a cause in law or equity, within the meaning of the constitution, circuit courts are invested with original jurisdiction to hear and determine it, but if it is neither the one nor the other the constitution does not confer such jurisdiction. It is not claimed that the circuit courts have, by virtue of this provision, general jurisdiction in all cases of contested elections. In the case of a contest of an election for members of the legislature each house itself exercises the judicial power of hearing and determining the contest by express authority of the constitution, although prohibited from exercising such power generally. In such a case the final decision rests with the legislative body, and the courts cannot interfere. As to other elections, it has been decided that they are under the control of the political branch of the government, which can provide for contests, and in the absence of such provision the courts have no jurisdiction. In *Dickey* v. *Reed*, 78 Ill. 261,

the court, in denying the jurisdiction to inquire into elections, said (p. 271): "Elections belong to the political branch of the government and are beyond the control of the judicial power. It was not designed, when the fundamental law of the State was framed, that either department of government should interfere with or control the other, and it is for the political power of the State, within the limits of the constitution, to provide the manner in which elections shall be held, and the manner in which officers thus elected shall be qualified and their elections contested."

The provision of the constitution conferring original jurisdiction upon circuit courts includes the prosecution of every claim or demand in a court of justice which was known, at the adoption of the constitution, as an action at law or a suit in chancery. It also includes all actions, since provided for, in which personal or property rights are involved, which belong to the same class or are of the same nature as previously existing actions at law or in equity. Such are cases where the legislature creates a new statutory remedy for the recovery of property or for damages occasioned by the infringement of a right. There are many special statutory proceedings which involve rights but which are not within the terms of the constitution because they are not causes at law or in, equity. This proceeding has never been regarded, under common law or equity practice, as a cause at law or in equity, and is not of the same nature as such a cause. In *Moore* v. *Mayfield,* 47 Ill. 167, which was a contest of the election of a sheriff, it was said that the proceeding is purely a statutory one, in which illegal votes may be rejected and those which are legal may be counted and the result ascertained, and that it is not a "case" within the meaning of the constitution. The court said: "That term would refer more properly to an action at law or a suit in chancery, but this is neither one nor the other." The question has been before this court frequently, and it has

been uniformly held that circuit courts have no jurisdiction except by virtue of some statute. In *Moore* v. *Hoisington*, 31 Ill. 243, a bill was filed to contest an election of justices of the peace, and it was held that a court of chancery had no jurisdiction, under its general powers, to afford the relief sought, and that the absence of any provision of the statute for contesting the election made no difference. In *People ex rel.* v. *Smith*, 51 Ill. 177, it was again held that the contest of an election is purely statutory, and without the aid of a statute it cannot be brought before the circuit court. The jurisdiction can be exercised only subject to the limitations of the statute. In *Jennings* v. *Joyce*, 116 Ill. 179, a bill to contest an election to the office of mayor was dismissed for want of jurisdiction, and the decree was affirmed in this court. It was held there was no jurisdiction apart from the statute, and inasmuch as the statute conferred none, the bill was properly dismissed. *Kreitz* v. *Behrensmeyer*, 125 Ill. 141, was a contest of the election of county treasurer. It was again held that a proceeding to contest an election is not a suit at law. In *Allerton* v. *Hopkins*, 160 Ill. 448, the court again said that there is no inherent power in a court of chancery to inquire into the validity of an election; that the proceeding to contest an election is a special statutory one, and that such a remedy is the only one.

There has been one class of cases where courts of chancery interfered in cases of elections, and those relate to the removal of county seats. *Boren* v. *Smith*, 47 Ill. 482, was such a case, but the court disclaimed any right to interfere in a contest between two persons for office or to try their respective rights to hold it, and took jurisdiction upon the ground that the removal of a county seat involved the question where the citizens of the county had the legal right to transact the public business. The court interfered for the protection of other rights than a dispute between individuals as to an office. In *People* v.

*Wiant,* 48 Ill. 263, it was said that a court of equity would not entertain a bill to determine which of two persons was elected to an office where individuals were immediately interested and the public remotely, but would take jurisdiction of an election to remove a county seat as a matter of public concern to the people of the county. In *Dickey* v. *Reed, supra,* the jurisdiction of courts of equity to inquire into elections for the removal of county seats was distinguished from the jurisdiction to try contests of elections generally, and it was said that those cases became an exception to all others on the ground that the constitution, by implication, conferred jurisdiction on courts of chancery.

The only question in this case is the one of jurisdiction, which, as we have seen, has been thoroughly settled by repeated decisions of this court, and the decision of the circuit court being in harmony with them, its decree is affirmed.

*Decree affirmed.*