HENRY BRUEGGEMANN

*v.*

ANTHONY W. YOUNG.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

1. COURTS—*act of 1901, relating to city courts, construed.* The term "civil cases," used in section 1 of the act in relation to city courts, (Laws of 1901, p. 136,) includes only law and equity cases as the same were known to the common law, and such as have since been provided for by statute, of the same nature, in which personal or property rights are involved.

2. SAME—*city court has no jurisdiction of contest of election of mayor.* The circuit court, and not the city court, has jurisdiction of a proceeding to contest the election of mayor of the city, notwithstanding the provision of the act of 1901 conferring upon city courts, within territorial limits, concurrent jurisdiction with circuit courts in "all civil cases." (*Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, distinguished.)

3. ELECTIONS—*contest of election is not a "case" at law or in equity.* A proceeding to contest an election is not an action at law or in equity, and is not within the meaning of the term "all civil cases," used in the act of 1901, fixing jurisdiction of city courts.

APPEAL from the City Court of Alton; the Hon. J. B. VAUGHN, Judge, presiding.

An election was held on April 21, 1903, and the appellant, upon the canvass of the vote by the city council, was held to have been duly elected mayor of the city of Alton, and qualified as such. The appellee, who had been mayor for the preceding term, was a candidate for reelection, and upon the appellant being sworn into office filed his petition in the city court of the city of Alton to contest the election of the appellant. The appellant made a motion to dismiss the petition, on the ground that the city court was without jurisdiction to entertain said petition and to hear and determine said election contest. The court overruled the motion, whereupon the appellant filed an answer. A trial was had, which resulted in a finding and judgment against the appellant,

and he has brought the record to this court for review by appeal, and has assigned as error the action of the court in overruling his motion to dismiss the petition filed by appellee for want of jurisdiction, and in holding the court had jurisdiction to hear and determine said election contest. Other assignments of error have been made upon the record, but from the view entertained by the court upon the question of jurisdiction that question alone will be considered.

BURTON & WHEELER, DUNNEGAN & LEVERETT, DAVID E. KEEFE, and LEVI DAVIS, for appellant.

B. H. CANBY, and J. V. E. MARSH, (JOHN J. BRENHOLT, B. J. O'NEIL, and E. C. HAAGEN, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The circuit courts of this State, by the act of 1895 amending section 97 of chapter 46, entitled "Elections," (2 Starr & Cur. Stat.—2d ed.—sec. 97, p. 1661,) are given jurisdiction to hear and determine contests of the election of mayors of cities. The section of the statute, as amended, conferring such jurisdiction, reads as follows: "The circuit courts in the respective counties, and in Cook county the superior court also, may hear and determine contests of the election of judges of the county courts, mayors of cities, presidents of county boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98)." In *King* v. *Jordan,* 198 Ill. 457, it was held that county courts were without jurisdiction to try contests of the election of the officers named in said section, and that the trial of such contests, by said section, outside of Cook county, had been committed exclusively to the jurisdiction of the circuit courts.

By section 1 of the act of 1901, (Laws of 1901, p. 136,) entitled "An act in relation to courts of record in cities," it is provided that the city courts organized under said act shall have concurrent jurisdiction with the circuit courts within the city in which the same may be located, "in all civil cases and in all criminal cases arising in said city, and in appeals from justices of the peace in said city," and it is contended that city courts having been invested with concurrent jurisdiction with the circuit courts, and jurisdiction having been conferred upon circuit courts to try contested elections of mayors of cities, the city courts have jurisdiction over such contests. The correctness of that contention depends upon whether an election contest is a "civil case." If the contest instituted by the appellee against the appellant is, within the meaning of the law, a civil case, as the circuit courts have jurisdiction of such a contest and the city courts have concurrent jurisdiction with the circuit courts in all civil cases, it necessarily follows that the city court of the city of Alton had jurisdiction of said proceeding to contest said election and was authorized to hear and determine said contest.

It has, however, been repeatedly held by this court that an election contest is not a case. The class of cases mentioned as civil cases in the first section of the City Court act clearly was intended to include only law cases and equity cases as they were known to the common law, and such other actions since provided for by statute as belong to the same class or are of the same nature as previously existing actions at law or in equity in which personal or property rights are involved and where a remedy for the recovery of property or for damages occasioned by the infringement of a right is given. The contest of an election is not an action at law or in equity, and does not belong to the same class and is not of the same nature as previously existing actions at law or in equity, and does not fall within the designation "all

civil cases," over which concurrent jurisdiction is conferred upon the circuit and city courts. In *Douglas* v. *Hutchinson*, 183 Ill. 323, it was held that the circuit court of Cook county did not have jurisdiction to try a contest of an election for judge of the superior court of said county by virtue of the original jurisdiction conferred upon circuit courts by the constitution, which provides circuit courts shall have jurisdiction of "all cases in law and equity" where there was no statute in force conferring jurisdiction upon said courts in that class of cases, as it was held an election contest was not a case in law or in equity. And in *Moore* v. *Mayfield*, 47 Ill. 167, which was a contest of the election of sheriff, it was held the proceeding was purely statutory, and was not a "case," within the meaning of the constitution. And in *People* v. *Smith*, 51 Ill. 177, it was held the contest of an election was purely statutory, and without the aid of a statute it could not be brought before the circuit court. The cases of *Jennings* v. *Joyce*, 116 Ill. 179, *Kreitz* v. *Behrensmeyer*, 125 id. 141, and *Allerton* v. *Hopkins*, 160 id. 448, are to the same effect.

As there was no statute in force conferring jurisdiction upon the city court of Alton to hear and determine a contest of the election of mayor, and such contest is not a civil case within the meaning of the statute which confers upon city courts jurisdiction concurrent with that of circuit courts, we are of the opinion that the city court of Alton was without jurisdiction to entertain the petition of the appellee and to hear and determine the contest of the election of mayor of said city.

Appellee relies upon the case of *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, as an authority sustaining the position that the city court had jurisdiction to hear and determine said contest. In that case it was held that the city court of Aurora had jurisdiction in proceedings under the Eminent Domain act arising within the territory limits of said city.

In the *Douglas case, supra,* in considering the original jurisdiction conferred upon circuit courts by the constitution, it was said (p. 328): "The provision of the constitution conferring original jurisdiction upon circuit courts includes the prosecution of every claim or demand in a court of justice which was known, at the adoption of the constitution, as an action at law or a suit in chancery. It also includes all actions since provided for, in which personal or property rights are involved, which belong to the same class or are of the same nature as previously existing actions at law or in equity. Such are cases where the legislature creates a new statutory remedy for the recovery of property or for damages occasioned by the infringement of a right. There are many special statutory proceedings which involve rights but which are not within the terms of the constitution because they are not causes at law or in equity. This proceeding has never been regarded, under common law or equity practice, as a cause at law or in equity, and is not of the same nature as such a cause."

The constitution expressly provides that private property shall not be taken or damaged for public use without just compensation, and that such compensation, when not made by the State, shall be ascertained by a jury, as shall be provided by law. The statute providing the method to be pursued in fixing the compensation and damages to be paid the owner before private property shall be taken for public use is clearly a remedy for the recovery of damages occasioned by reason of the infringement of a right, and falls within that class of cases covered by the constitution which is pointed out in the opinion in that case as that class of cases where the legislature creates a remedy for the recovery for damages occasioned by the infringement of a right, and is a part of the original jurisdiction conferred upon circuit courts by the constitution. The fact, therefore, that city courts are held to have jurisdiction in proceedings under the

Eminent Domain act does not establish that said courts have jurisdiction in cases of contested elections, as such contests are not actions at law or suits in equity, and do not involve personal or property rights such as have heretofore been enforced by an action at law or in equity, and are not for the recovery of damages occasioned by the infringement of a right. The distinction between a condemnation suit and a proceeding to contest an election is plain. The one is to recover a judgment for the amount of compensation and damages which the owner of private property has sustained by reason of the taking of his property for a public use, and may be said to be a "case" and falling within the language of the statute "all civil cases," conferring concurrent jurisdiction upon city and circuit courts, while the contest of an election is a proceeding instituted for the purpose of determining which of the contestants has received the greater number of votes for a particular office. In *Moore* v. *Mayfield, supra,* it was said the proceeding to contest an election "is merely a statutory proceeding for re-canvassing the votes cast at an election, in which the illegal votes may be rejected and those which are legal may be counted and the result ascertained; and the finding of that result is not a judgment, in the sense in which that term is used in the law giving the right to prosecute a writ of error, nor is the proceeding by means of which that result is reached a 'case,' within the meaning of the constitution. That term would refer more properly to an action at law or a suit in chancery, but this proceeding is neither one nor the other."

The judgment of the city court of Alton will be reversed and the cause remanded to that court, with directions to dismiss the petition.

*Reversed and remanded, with directions.*