JOAQUÍN MÁRQUEZ ET AL., Petitioners and Appellees, *v.* INSULAR BOARD OF ELECTIONS, Respondent and Appellant, and MANUEL PEREYÓ ET AL., Interveners and Appellants.

No. 4928. Argued June 2, 1930.—Decided July 21, 1930.

R. *Martínez Nadal* and *Bolívar Pagán* for interveners-appellants. *James R. Beverley, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for the respondent Board. *Arturo Aponte* and *F. Gallardo Díaz* for appellees.

Mr. Justice Texidor delivered the opinion of the Court.

In this case a petition has been filed for the allowance of an appeal from the judgment rendered by this Supreme Court on May 23, 1930, to the United States Circuit Court of Appeals for the First Circuit.

The appellants, Joaquín Márquez, Miguel A. Bustelo, Cruz Ortiz Stella, Salvador L. Rocafort, Carlos González Díaz, Arturo J. López, Adalberto Roig, Jesús Domínguez, Angel López Díaz, and Juan Torrellas essentially contend in their assignment of errors—

(a) That this court erred in holding that in the present case it was necessary for the Municipal Court of Humacao to issue out proper summons to notify the voters of the proceedings, notwithstanding the appearance of the parties in interest through their attorneys in said proceedings, and that the said proceedings had been instituted by the voters themselves.

(b) That this court erred in failing to hold that the proceedings instituted in the Municipal Court of Humacao were summary proceedings of a peremptory nature, and that all the interested parties were before the said court.

(c) That this court erred in holding that July 27, 1928, was a nonjudicial day.

(d) That this court erred in holding that a joint resolution of July 24, 1923, altered or amended the Code of Civil Procedure, thereby giving the force of law to said resolution, against the letter and the spirit of the Organic Act of Puerto Rico.

(e) That this court erred in reversing the judgment of the District Court of San Juan.

(f) That our judgment is contrary to law.

There was attached to the petition for appeal an affidavit of Angel López Díaz to the effect that this is an appeal in a special certiorari proceeding authorized by the Election Law, which grants such remedy in an election contest to invalidate the election of public officers or officials, among which the plaintiffs are included; that Joaquín Márquez, as mayor, is entitled to receive and does receive a salary of $1,800 per annum, or $7,200 during the four years of his term of office, and the others a compensation at the rate of $3 for each session—of which, as a rule, 15 are held each year—or $405 annually, and $1,620 during the four years; that therefore the amount in controversy exceeds $5,000.

The parties were heard in regard to the right of appeal in the present case. The interveners objected and alleged that there is no sum of money in controversy; that any final judgment that might be rendered would not involve any pecuniary interest nor would it oust from or give possession of any office, and that if it were ultimately held that the Insular Board erred in its report, that body would have to meet again and render a new report, and any order that might be given as a result of the judgment would have to be confined to the nullity of one or more reports of the board; that it has been held that the salary of an office can not be taken as a basis for computing the jurisdictional amount, and that the salaries of different plaintiffs can not be added together for determining said amount, citing to this effect decisions from the Supreme Court of the United States and from other courts; that the compensation of municipal officers and employees is not a fixed one, as in accordance with the Municipal Law such compensation is provided every year by the municipal assembly; that there is no federal statute involved, and that this question has been raised now for the first time and that it comes too late; that in Puerto Rico the laws and joint resolutions have equal legal force; and they stated other grounds of opposition.

We think that the law which regulates these appeals is the following:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions:

". . . . . . . . . . .

"Fourth.—In the Supreme Courts of the Territory of Hawaii and of Puerto Rico, in all civil cases (*sic*), civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings." *United States Code*, Title 28, §225 (Judicial Code, §128).

Also, there is no doubt that if the amount in controversy does not clearly appear from the record, it may be shown by the affidavit of a party to the suit.

The petition herein concerned a special certiorari proceeding authorized by the Election Law of Puerto Rico for reviewing decisions of the Insular Board of Elections in certain cases. The certiorari was directed to the Insular Board, which filed an answer in support of its decision. It can hardly be contended that this is a *civil case* for the purposes of the law which governs the appeal. It is a special proceeding under the Election Law wherein the validity of a decision of the Board is challenged, and any judgment rendered in the case would not have the same effect as that which would dispose of a legal controversy between actual parties litigant.

In *Luce & Co.* v. *Registrar*, 34 P.R.R. 578, 580–581, this court allowed an appeal, a majority of its members holding that as the question presented therein was a novel one and involved the jurisdiction of the Circuit Court, it should be left to that court's decision. We quote from the dissenting opinion in that case:

"Sections 1 and 2 of Article 3 of the Constitution of the United States provides as follows:

" 'Section 1.—The judicial power of the United States, shall be

vested in one Supreme Court, and in, such inferior courts as the Congress may from time to time ordain and establish. . .

" 'Section 2.—The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority to all cases affecting ambassadors, other public ministers and consuls, to all cases of admiralty and maritime jurisdiction, to controversies to which the United States shall be a party, to controversies between two or more States, between a State and citizens of another State, between citizens of different States, between citizens of the same State claiming lands under grants of different States, and between a State, or the citizens thereof, and foreign States, citizens or subjects.'

"Acting under the power given to it, Congress has defined and classified the jurisdiction of the various courts of the United States and, in pursuance thereof, has given jurisdiction to the said courts in certain cases. The statutes defining the jurisdiction of the various courts almost invariably speak of 'cases,' which is a natural result of the limitations put upon the judicial power by the Constitution of the United States.

"The appellant cites section 43 of the Organic Act, as follows:

" 'Section 43.—That writs of error and appeals from the final judgments and decrees of the Supreme Court of Puerto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit and to the Supreme Court of the United States, as now provided by law.'

"Given the Constitution of the United States and the jurisprudence which I shall hereafter consider, I have no question that the judgments and decrees to which Congress referred in section 43, *supra,* were in 'cases'. The said section refers to existing laws, namely, sec. 246 of the Judicial Code, which provides as follows:

" 'Writs of error and appeals from the final judgments and decrees of the Supreme Court of the Territory of Hawaii and of the Supreme Court of Puerto Rico may be taken and prosecuted to the Supreme Court of the United States within the same time, in the same manner, under the same regulations, and in the same classes of cases, in which writs of error and appeals from the final judgments and decrees of the highest court of a State in which a decision in the suit could be had, may be taken and prosecuted to the Supreme Court of the United States under the provisions of section two hundred and thirty seven; and in all other cases, civil or criminal,

386

in the Supreme Court of the Territory of Hawaii or the Supreme Court of Puerto Rico, it shall be competent for the Supreme Court of the United States to require by *certiorari,* upon the petition of any party thereto, that the case be certified to it, after final judgment or decree, for review and determination, with the same power and authority as if taken to that court by appeal or writ of error; but *certiorari* shall not be allowed in any such case unless the petition therefor is presented to the Supreme Court of the United States within six months from the date of such judgments or decree. Writs of error and appeals from the final judgments and decrees of the supreme courts of the Territory of Hawaii and of Puerto Rico, wherein the amount involved, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the value of $5,000, may be taken and prosecuted in the circuit courts of appeals.'

''While in the last paragraph no mention of 'cases' is made, the rest of the section shows that Congress was considering only 'cases.' While the appellant, if it had a right to appeal, would not be affected by the Act of Congress of February 13, 1925, yet the Act, in so far as the question under consideration is concerned, merely restates the character of the jurisdiction that Congress was conferring and that it is limited to 'cases.'

''Section 128(*a*) says the Circuit Courts of Appeals shall have appellate jurisdiction to review by appeal or writ of error final decisions.—First. In the district courts in all cases where a direct review of the decision may be made in the Supreme Court under section 238.—Second. In the United States district courts for Hawaii and Puerto Rico in all cases.—Third . . . . Fourth. In the Supreme Court of the Territory of Hawaii and of Puerto Rico in all civil (*sic*) cases, civil or criminal, wherein the Constitution or Treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000 and in all habeas corpus proceedings. Congress thus made it clear that the jurisdiction of the federal courts is limited on appeal to 'cases', as it necessarily must be under the Constitution of the United States.''

In the above dissenting opinion of Mr. Justice Wolf, citation is made of the case of *Douglas* v. *Hutchison,* 55 N. E. 628, which we have carefully examined. There was involved in that case a contest of the election of certain justices. The

Circuit Court dismissed the proceeding for want of jurisdiction, and the Supreme Court of Illinois, on December 18, 1899, in deciding the case held that circuit courts have no jurisdiction of an election contest. Several decisions were cited, but the following extract from the opinion seems to us of special interest:

"In Moore v. Mayfield, 47 Ill. 167, which was a contest of the election of a sheriff, it was said that the proceeding is purely a statutory one, in which illegal votes may be rejected, and those which are legal may be counted and the result ascertained; and that it is not a 'case' within the meaning of the constitution. The court said: 'That term would refer more properly to an action at law or a suit in chancery, but this is neither one nor the other.' The question has been before this court frequently, and it has been uniformly held that circuit courts have no jurisdiction except by virtue of some statute. In Moore v. Hoisington, 31 Ill. 243, a bill was filed to contest an election of justices of the peace, and it was held that a court of chancery had no jurisdiction, under its general powers, to afford the relief sought, and that the absence of any provision of the statute for contesting the election made no difference. In People v. Smith, 51 Ill. 177, it was again held that the contest of an election is purely statutory, and without the aid of a statute it cannot be brought before the circuit court. The jurisdiction can be exercised only subject to the limitations of the statute. In Jennings v. Joyce, 116 Ill. 179, 5 N. E. 534, a bill to contest an election to the office of mayor was dismissed for want of jurisdiction, and the decree was affirmed in this court. It was held there was no jurisdiction apart from the statute, and inasmuch as the statute conferred none, the bill was properly dismissed."

The Circuit Court of Appeals for the First Circuit, in its decision in the case of *Luce & Co., Limited,* v. *Registrar of Property of Guayama,* 20 F. (2d) 115–116, expressed itself as follows:

"The question of the right of appeal has been fully and ably argued by counsel, and in a dissenting opinion Associate Justice Wolf, of the Supreme Court of Puerto Rico, has assembled the authorities bearing upon the right of appeal in such a case. If this court has jurisdiction of the appeal, it is because it is granted by

sections 1 and 2 of article 3 of the Constitution of the United States, and also of section 43 of the Organic Act of Puerto Rico.

"It is conceded that, if this appeal is not one in a case of law or equity, this court does not have jurisdiction. To constitute a case, it must be one in which legal rights are ascertained and determined, and a suit in equity is one in which relief is sought according to the rules and practices of the equity jurisdiction as established in English jurisprudence."

Section 89 of the Election Law, in force at the time of the application for the writ, contains a proviso which reads thus:

" . . . Provided, further, that the result of the canvass of an election as declared by the Insular Board of Elections and published by the General Supervisor of Elections shall be final, unless the same shall be contested by a certiorari or other authorized legal proceeding, filed within fifteen days from the date of the publication of such canvass. . . ."

We can not agree that, under the above enactment, the special certiorari whereby it is sought to contest the result of an election canvass, is the "case" to which the cited provisions of the Judicial Code and of the United States Code refer.

The appellants-interveners cite many cases bearing on the question of the jurisdictional amount required for an appeal. We do not think it necessary to consider all of them in detail.

The appellants maintain that the salary of the mayor of Humacao is $1,800 per annum and his term of office four years; that the per diem of the assemblymen is three dollars per session and the number of sessions yearly is as a rule fifteen; and that the total amount resulting from these sums exceeds $5,000. Various cases are cited, among others, that of *U. S. ex rel. Crawford* v. *Addison,* 22 How. (U. S.) 174. In the latter case it appears that on the fourth Monday of February, 1859, an election was held for mayor of Georgetown; but the municipal council, alleging that there was a mistake in the returns, and that there was in fact a majority in favor of Addison, who was the opposing candidate, refused

to consider Crawford as the elected mayor and accepted instead Addison, to whom the oath of office was administered. Crawford instituted a *quo warranto* proceeding in which a judgment of ouster was rendered against Addison, who thereupon sued out a writ of error from the Supreme Court of the United States. The lower court refused to execute the judgment because of the pendency of the writ of error, and Crawford applied to the Supreme Court for a mandamus. In passing upon the question of the amount in controversy which had been raised, the court said:

"The weight of this authority is not lessened by the fact on which the question of jurisdiction turned. The salary of the mayor of Georgetown was established by law at $1,000 per annum; and if this be the matter of controversy it settles the jurisdiction."

The appellants also cite the case of *Smith* v. *Whitney,* 116 U. S. 167. As a matter of fact that case referred to a naval officer, whose dismissal from the service was sought on a charge of scandalous conduct. He applied to the Supreme Court from the District Court of Columbia for a writ of prohibition directed to the court-martial which had tried him, and the respondents obtained a judgment in their favor. The officer thereupon applied to the Supreme Court of the United States by appeal and writ of error, and the jurisdiction of that court was challenged because there was nothing in dispute the value of which could be estimated in money. The objection on that ground was overruled, as appears from the paragraph of the opinion cited by the appellants.

But it must be borne in mind that it was the case of an officer whose compensation was fixed by law and whose salary was therefore specifically known, particularly as regards the amount.

In *Pratt* v. *Fitzhugh et al.,* 66 U. S. 271, the court said:

"The case is brought up under the 22nd section of the Judiciary Act, which confines the writ of error to cases 'where the matter in

dispute exceeds the sum of value of two thousand dollars, exclusive of costs.' This has always been held to mean a property value, and without the fact of value being shown on the record, or by evidence *aliunde*, the court has no jurisdiction to hear or reexamine the case.''

In *De Krafft* v. *Barney*, 67 U. S. 704, it was held that in order to give the court jurisdiction under the 22nd section of the Judiciary Act of 1789, the matter in dispute must be money, or some right, the value of which can be calculated in money. This rule appears to have been confirmed in *Potts et al.* v. *Chumacero et al.*, 92 U. S. 358, 361.

Among the powers conferred upon municipal assemblies by section 26 of the Municipal Law (Act No. 53, approved April 28, 1928), we find the following under subdivision 6:

''To appropriate in the budget the salaries of all municipal officers and employees.''

The budget, according to section 18 of the act just cited, is something to be submitted, considered and approved every year, and any salary appropriated and fixed in a budget is for the year to which such budget refers and may be changed every year.

It is for this reason that we find that there is no solid or real basis for the computation of a four-year salary for the mayor of Humacao at the rate of $1,800 per annum; and the same may be said of the calculation of the per diems of the assemblymen.

As dependent upon the amount in controversy, the appeal can not be allowed.

The appellants seem to contend that there is involved in the present case the question of the effectiveness of a joint resolution as an amendatory enactment.

Apart from the fact that this question is now raised for the first time, as we have reached the conclusion that this is not ''a case'' for appeal within the purview of the statute regulating the matter, it is unnecessary for us to pass upon said question or upon any others submitted in the assignment of errors.

In the absence of a "case", in the sense in which that term is used in the applicable law, and for lack of the required jurisdictional amount, no appeal lies to the Circuit Court of Appeals. The petition for appeal is therefore denied.

Mr. Justice Aldrey dissented.