JOAQUÍN MÁRQUEZ, ET ALS., demandantes y apelados, *v.* JUNTA INSULAR DE ELECCIONES, demandada y apelante y MANUEL PEREYÓ, ET ALS., interventores y apelantes.

No. 4928.—*Sometido:* Junio 2, 1930. *Resuelto:* Julio 21, 1930.

372

R. *Martínez Nadal* y *Bolívar Pagán,* abogados de los interventores-apelantes; *Honorable Attorney General James R. Beverley* y *Tomás Torres Pérez, Subprocurador,* abogados de la Junta Insular de Elecciones; *Arturo Aponte* y *F. Gallardo Díaz,* abogados de los apelados (apelantes para Boston).

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso, y contra la sentencia dictada por este Tribunal Supremo de Puerto Rico en 23 de mayo de 1930, se ha interpuesto apelación para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito.

La parte apelante, Joaquín Márquez, Miguel A. Bustelo, Cruz Ortiz Stella, Salvador L. Rocafort, Carlos González Díaz, Arturo J. López, Adalberto Roig, Jesús Domínguez, Angel López Díaz y Juan Torrellas, en su señalamiento de errores, esencialmente sostiene:

(*a*) Que este tribunal erró al sostener que en el caso presente fué necesario para la Corte Municipal de Humacao librar citaciones y notificaciones a los electores de los procedimientos, no obstante la comparecencia de las partes inte-

resadas por sus abogados en tales procedimientos, y haber sido éstos instituídos por los mismos electores.

(*b*) Que este tribunal erró al no sostener que los procedimientos instituídos en la Corte Municipal de Humacao, fueron procedimientos sumarios, de naturaleza perentoria, y que todas las partes interesadas estaban ante la corte.

(*c*) Que este tribunal erró al declarar que el 27 de julio de 1928 fué un día no jurídico.

(*d*) Que este tribunal erró al sostener que una resolución conjunta de 24 de julio de 1923, alteraba o enmendaba el Código de Procedimiento Civil, dando así efecto de ley a tal resolución, contra la letra y el espíritu del Acta Orgánica de Puerto Rico.

(*e*) Que este tribunal erró al revocar la sentencia de la Corte de Distrito de San Juan.

(*f*) Que nuestra sentencia es contraria a la ley.

Con la petición de apelación se presentó la declaración jurada por Angel López Díaz en la que se hace constar ser ésta una apelación en una acción de *certiorari* especial creada por la Ley Electoral que concede tal remedio como recurso de impugnación electoral para anular la elección de funcionarios y oficiales públicos, entre los que se hallan comprendidos los demandantes; que Joaquín Márquez, como alcalde, tiene derecho a percibir, y percibe, un sueldo de $1,800 anuales, o sea de $7,200 en los cuatro años de su cargo; y los demás una dieta de tres dólares por sesión, siendo generalmente 15 sesiones al año, o sea $405 anuales, y $1,620 en los cuatro años; por lo que la cantidad envuelta en el litigio, es de más de $5,000.

Se oyó a las partes acerca del derecho de apelación en este caso. Los interventores se opusieron, alegando que no hay cuantía en el litigio, que la sentencia final que se dictara no ha de envolver interés pecuniario, ni quitaría ni daría posesión de cargo alguno, y si se declarara que la Junta Insular erró en su informe, ese organismo habría de reunirse de nuevo, y hacer nuevo informe, y la orden que se diera

como resultado de la sentencia se tendría que limitar a la nulidad de uno o más informes de la junta; que está resuelto que el salario de un cargo no puede tomarse como base de la cuantía, y que no pueden sumarse los salarios de distintos demandantes para formar la cuantía, citando a ese efecto jurisprudencia de la Corte Suprema de Estados Unidos y de otros tribunales; que el salario de empleados y funcionarios municipales no es fijo, porque de acuerdo con la Ley Municipal lo establece cada año la asamblea municipal; que no hay envuelta ley federal alguna, y que esta cuestión ha sido levantada ahora, y nunca antes de ahora, y tardíamente; que en Puerto Rico las leyes y las resoluciones conjuntas tienen la misma fuerza legal; y otras razones.

 La ley, en cuanto a estas apelaciones, a nuestro juicio, es ésta:

"Las cortes de circuito de apelaciones tendrán jurisdicción en apelación para revisar mediante apelación o recurso de error, las decisiones finales:

" * * * * * * *

"Cuarto.—De las Cortes Supremas de los Territorios de Hawaii y Puerto Rico, en todo caso civil o criminal en que esté envuelta la Constitución o un estatuto o tratado de los Estados Unidos o cualquier autoridad ejercida de conformidad con los mismos; en todos los demás casos civiles en que el valor en controversia excluyendo los intereses y costas, exceda de $5,000, y en todos los procedimientos de hábeas corpus." Código de los Estados Unidos, Título 28, párrafo 225 (Código Judicial, párrafo 128).

Indudable también que si el montante en controversia no aparece satisfactoriamente revelado por los autos, puede ser demostrado por juramento de la parte en el caso.

La petición fué una de *certiorari* especial, procedimiento de la Ley Electoral de Puerto Rico, para revisar las decisiones de la Junta Insular de Elecciones en ciertos casos. Contra la Junta Insular se dirigió el *certiorari;* y ella contestó para sostener su decisión. Es difícil sostener que éste es un *caso civil* en el sentido de la ley que rige la apelación.

Es un procedimiento especial de la Ley Electoral, en el que se discute la eficacia de una decisión de la junta, y la resolución que en el caso recaiga, no tiene el mismo efecto que la que decidiera un derecho en contienda entre verdaderas partes.

En el caso de *Luce & Co., S. en C., Recurrente,* v. *El Registrador de Guayama,* esta corte admitió una apelación, opinando la mayoría que tratándose de una cuestión nueva en la que está envuelta la jurisdicción de la Corte de Circuito, debía dejarse a dicha corte que la resolviera. De la opinión disidente en el mismo caso tomamos lo que sigue:

"Las secciones 1 y 2 del artículo 3 de la Constitución de los Estados Unidos prescriben lo siguiente:

" 'Sección 1.—Se deposita el poder judicial de los Estados Unidos en una Suprema Corte, y en los tribunales inferiores que en lo sucesivo creare y estableciere el Congreso.

" 'Sección 2.—El poder judicial conocerá de todos los casos en Derecho y Equidad que dimanen de la Constitución y leyes de la federación, así como de los tratados ya celebrados o que puedan celebrarse en lo sucesivo bajo su autoridad en todos los casos que afecten a los Embajadores, demás Ministros públicos, y a los Cónsules: de todos los casos de la jurisdicción de almirantazgo y marina; de las controversias en que la Federación fuere parte; de las que se siguieren entre dos o más Estados; entre un Estado y los ciudadanos del mismo Estado que reclamen terrenos bajo concesiones hechas por diversos Estados y entre un Estado o sus ciudadanos, y Estados, ciudadanos, o súbditos extranjeros.'

"Actuando de acuerdo con la facultad conferídale, el Congreso ha definido y clasificado la jurisdicción de las varias cortes de los Estados Unidos, y de acuerdo con ella, ha dado jurisdicción a dichas cortes sobre ciertos casos. Los estatutos que definen la jurisdicción de las diferentes cortes hablan casi invariablemente de 'casos,' lo cual es una consecuencia natural de las limitaciones impuestas al poder judicial por la Constitución de los Estados Unidos.

"Cita la apelante el artículo 43 de la Ley Orgánica, a saber:

" 'Artículo 43.—Los recursos por causa de error y las apelaciones contra las sentencias y decretos definitivos del Tribunal Supremo de Puerto Rico, podrán ser interpuestos y seguidos ante la Corte de Circuito de Apelación para el primer circuito y ante la Corte Su-

prema de los Estados Unidos, de la manera como ahora está dispuesto por la ley.'

"En vista de la Constitución de los Estados Unidos y de la jurisprudencia que luego consideraré no tengo duda alguna de que las sentencias y decretos a los cuales se refiere el Congreso en el artículo 43, *supra*, eran en 'casos.' El referido artículo hace referencia a la ley existente, o sea la sección 246 del Código Judicial, la cual prescribe lo siguiente:

" 'Los recursos por causa de error y las apelaciones contra las sentencias y decretos definitivos de la Corte Suprema del Territorio de Hawaii y de la Corte Suprema de Puerto Rico podrán ser interpuestos y llevados ante la Corte Suprema de los Estados Unidos dentro del mismo término, en la misma forma, bajo las mismas reglas, y en los mismos casos en que los recursos por causa de error y apelaciones contra las sentencias y decretos finales de la más alta Corte de un Estado en que una sentencia en el pleito pueda ser obtenida, pueden ser interpuestos y llevados ante la Corte Suprema de los Estados Unidos de acuerdo con las disposiciones de la Sección doscientos treintisiete; y en todos los demás casos civiles o criminales de la Corte Suprema del Territorio de Hawaii y de la Corte Suprema de Puerto Rico, tendrá competencia la Corte Suprema de los Estados Unidos para requerir por *certiorari*, a petición de cualquiera de las partes en los mismos, que el caso le sea certificado, después de haberse dictado una sentencia o decreto definitivo, con el objeto de ser revisado y resuelto, bajo el mismo poder y autoridad como si hubiese sido llevado a la Corte por medio de apelación o recurso por causa de error; pero no será concedido el *certiorari* en tal caso, a menos que se presente la petición con tal objeto a la Corte Suprema de los Estados Unidos dentro de los seis meses a partir de la fecha de dicha sentencia o decreto. Los recursos por causa de error y las apelaciones contra las sentencias y decretos finales de la Corte Suprema del Territorio de Hawaii y de la de Puerto Rico, en los cuales la suma en controversia, con exclusión de costas, cuyo importe habrá de determinarse por medio del juramento de cualquiera de las partes o de otros testigos competentes, exceda de cinco mil dólares, podrán ser interpuestos y llevados ante las Cortes de Circuito de apelación.'

"Aunque en el último párrafo no se hace mención de 'casos,' el resto de la sección demuestra que el Congreso estaba considerando únicamente 'casos.' Si bien la apelante, si tenía un derecho de apelación, no sería afectada por la ley del Congreso de febrero 13 de

1925, sin embargo esa ley, en tanto hace referencia a la cuestión que consideramos, restablece meramente la naturaleza de la jurisdicción que el Congreso estaba confiriendo y que se limita a 'casos.'

"El artículo 128 (a) dice que las Cortes de Circuito de Apelaciones tendrán jurisdicción de apelación para revisar por medio de apelación o recurso por causa de error, las decisiones finales,—primero, en las cortes de distrito en todos los casos excepto en que las apelaciones o recursos por causa de error pueden ser interpuestos directamente a la Corte Suprema según se dispone en la sección 238; segundo, en las cortes de distrito de los Estados Unidos para Hawaii y Puerto Rico en todos los casos; tercero. . . . Cuarto, en las Cortes Supremas del Territorio de Hawaii y de Puerto Rico en todos los casos civiles (sic), civiles o criminales, en que esté envuelta la interpretación o aplicación de la Constitución o la validez de un Tratado de los Estados Unidos hecho bajo su autoridad; en todos los demás casos civiles en que la suma en controversia con exclusión de intereses y costas exceda de $5,000 y en todos los procedimientos de hábeas-corpus. El Congreso, pues, hizo evidente que la jurisprudencia de las cortes federales está limitada en apelación a 'casos,' como necesariamente debe ser bajo la Constitución de los Estados Unidos."

Cítase en esta opinión disidente del Juez Asociado de esta corte Sr. Wolf, el caso *Douglas* v. *Hutchison*, 53 N. E. 628, que hemos examinado cuidadosamente. En ese caso se trataba de la impugnación de la elección de determinados jueces; la Corte de Circuito desestimó el procedimiento por falta de jurisdicción; y la Corte Suprema de Illinois en 18 de diciembre de 1899, decidió el caso, sosteniendo que las cortes de circuito carecen de jurisdicción para juzgar de impugnación de elecciones. En la opinión se citan varias decisiones; pero nos parece de gran interés el párrafo que dice así:

"En Moore v. Mayfield, 47 Ill. 167, que era un procedimiento sobre impugnación de unas elecciones para el cargo de *sheriff* se dijo que tal procedimiento es puramente estatutorio, en el cual se podían rechazar los votos ilegales, contarse los legales y determinarse el resultado; y que tal procedimiento no es un 'caso' dentro del significado de la Constitución. La corte dijo: 'Ese término se refiere más propiamente a una acción en ley o a un pleito en equidad, pero éste

no es ni la una ni el otro.' Esta cuestión ha estado frecuentemente ante esta corte y se ha resuelto uniformemente que las cortes de circuito no tienen jurisdicción a no ser a virtud de algún estatuto. En Moore v. Hoisington, 31 Ill. 243, se presentó una demanda para impugnar las elecciones de unos jueces de paz y se resolvió que una corte de equidad no tenía jurisdicción, bajo sus facultades generales, para conceder el remedio solicitado y que la ausencia de cualquier disposición en el estatuto sobre impugnación de elecciones no hacía diferencia alguna. En People v. Smith, 51 Ill. 177, se resolvió también que la impugnación de unas elecciones es un procedimiento puramente estatutorio y que sin la ayuda de un estatuto no puede ser llevado ante la corte de circuito. La jurisdicción puede ser ejercida solamente sujeta a las limitaciones del estatuto. En Jennings v. Joyce, 116 Ill. 179, 5 N. E. 534, se desestimó por falta de jurisdicción una demanda sobre impugnación de elecciones para el cargo de alcalde y el decreto fué confirmado por esta corte. Se resolvió que no había jurisdicción a excepción de la fijada por el estatuto, y toda vez que el estatuto no confería jurisdicción alguna, la demanda fué debidamente declarada sin lugar.''

La Corte de Circuito de Apelaciones para el Primer Circuito, al resolver el mismo caso, *Luce & Co., Limited,* v. *Registrar of Property of Guayama,* 20 F. (2d), 116, dijo lo que sigue:

''La cuestión del derecho de apelación ha sido amplia y hábilmente argumentada por los letrados, y en una opinión disidente, el Juez Asociado Sr. Wolf, de la Corte Suprema de Puerto Rico, ha recopilado las autoridades que tratan sobre el derecho de apelación en tal caso. De tener esta corte jurisdicción sobre este recurso de apelación ello se debe a que tal jurisdicción le es conferida por las secciones 1 y 2 del artículo 3 de la Constitución de los Estados Unidos, y por la sección 43 de la Carta Orgánica de Puerto Rico.''

''Se admite que si este recurso de apelación no es uno en un caso de derecho o de equidad, esta corte no tiene jurisdicción. Para que constituya un caso debe tratarse de un procedimiento en que se investigan y determinan derechos legales, y un pleito en equidad es uno en que se solicita un remdio de acuerdo con las reglas y prácticas de la jurisdicción de equidad según ha sido establecido por la jurisprudencia inglesa.''

No puede decirse que es un caso civil, aquél en que, como

en el presente, se trata de decidir si una junta de elecciones, ha resuelto bien o mal la inclusión o exclusión de determinados individuos, o ha contado acertada o erróneamente sus votos, cuando el remedio se establece como especial, y por medio de un *certiorari*. Estos procedimientos no pueden ser incluídos entre los "casos civiles" de que se trata en el precepto legal antes citado. Quizá no pueda en términos exactos, llamarse a la junta una "parte" en el procedimiento.

El artículo 89 de la Ley Electoral vigente al solicitarse el auto, contiene un disponiéndose cuyo texto es:

". . . Disponiéndose además que el resultado del escrutinio de unas elecciones según se declarare por la Junta Insular de Elecciones y publicare por el Superintendente General de Elecciones, será definitivo a menos que fuese impugnado por *certiorari* o por otro procedimiento legal autorizado que se interponga dentro de quince días después de la fecha de la publicación de ese escrutinio. . ."

Bajo este precepto de la ley, no podemos concurrir en que el *certiorari* especial que tienda a la corrección del acto administrativo del escrutinio sea el "caso" de que trata el *Judicial Code* y el U. S. C. antes mencionados.

En lo que se refiere a la cuantía necesaria para apelar, los apelantes y los interventores nos citan bastante jurisprudencia. No es absolutamente necesario el detallado estudio de toda ella.

Los apelantes sostienen que el sueldo del Alcalde de Humacao es de $1,800 por año, y el término del cargo cuatro años; y en cuanto a los miembros de la asamblea municipal, sus dietas son tres dollars por sesión, y generalmente quince las sesiones cada año; y de las sumas resulta que el montante es mayor de $5,000. Y citan varios casos, entre ellos los que siguen: *Crawford* v. *Addison,* 63 U. S. 174, 22 Howard 174. En este caso aparece que el cuarto lunes de febrero de 1859, se celebró una elección para Alcalde de Georgetown; el concejo municipal creyendo que en el escrutinio hubo error, y

que existía una mayoría a favor de Addison se negó a considerar a Crawford como alcalde electo, y tuvo como tal a Addison, que juró el cargo. Estableció Crawford un procedimiento en *quo warranto,* en el que se dictó la resolución de desposesión contra Addison; y éste acudió por *writ of error* ante la Corte Suprema de los Estados Unidos. La corte inferior se negó a ejecutar la sentencia por existir el auto de error. Crawford acudió con una petición de *mandamus.* Como se discutió la materia de cuantía en controversia la corte declaró acerca de ella; y dijo:

"El peso de esta autoridad no es disminuído por el hecho en que giró la cuestión de jurisdicción. El sueldo del Alcalde de Georgetown fué establecido por la ley en $1,000 anuales, y de ser ésta la cuestión en controversia, ella resuelve la jurisdicción."

Se cita por los apelantes el caso *Smith* v. *Whitney,* 116 U. S. 167. Como materia de hecho, se trataba de un funcionario que fué destituído por mala conducta; él estableció ante la Corte Suprema del Distrito de Columbia una petición de auto inhibitorio contra la junta que le destituyó; y los demandados ganaron el caso. Entonces el funcionario demandante acudió a la Corte Suprema de los Estados Unidos, por *writ of error;* y se impugnó la jurisdicción por no tratarse de caso en que pudiera evaluarse en dinero la materia en controversia, o realmente por no haber cuantía en controversia. La objeción fundada en ese particular fué resuelta negativamente, como aparece del párrafo de la opinión que se cita por el apelante.

Pero es de considerar que se trataba de un funcionario que tenía un salario fijado por ley, y por tanto, conocido específicamente, sobre todo en cuanto a la cuantía.

En el caso *Pratt* v. *Fitzhugh et al.,* 66 U. S. 271, la Corte dijo:

"El caso ha sido elevado a esta corte de conformidad con la sección 22 del Código Judicial que limita los recursos de error a casos 'en que el asunto en controversia exceda de la suma o del valor de

dos mil dólares excluyendo las costas.' Se ha resuelto siempre que esto significa un valor en bienes, y no apareciendo de los autos, o mediante prueba *aliunde*, el hecho del valor, la corte carece de jurisdicción para oír o examinar de nuevo el caso.''

En el caso *De Krafft* v. *Barney*, 67 U. S. 704, se dijo por la corte que para que ella tuviera jurisdicción bajo la sección 22 del Judiciary Act de 1789, la materia en controversia debía ser dinero o algún derecho evaluable en dinero. Doctrina que aparece confirmada en *Potts et al.* v. *Chumacero*, 92 U. S. 358.

Entre las facultades y atribuciones de las asambleas municipales, según el artículo 26 de la Ley Municipal, Ley No. 53 de 28 de abril de 1928, encontramos, bajo el número 6 la que sigue:

''6. La fijación en el presupuesto de los sueldos de todos los funcionarios y empleados municipales.''

El presupuesto es, según el artículo 18 de la ley que acabamos de citar, algo a presentar, considerar y aprobar todos los años; y el sueldo que en un presupuesto se incluye y fija, es para el año a que tal presupuesto va a regir, y puede ser en cada año cambiado.

Por esto, encontramos que el cálculo de cuatro años de sueldo del alcalde de Humacao, a razón de $1,800 anuales, no tiene una base sólida y real, como no la tiene el cálculo de las dietas de los miembros de la asamblea.

Por razón de la cuantía no es admisible la apelación.

Los apelantes tienden a sostener que en este caso se halla envuelta la cuestión de la eficacia de una resolución conjunta en cuanto a enmendar o alterar la ley.

Aparte de que esta cuestión se suscita ahora por primera vez, resuelto que no hay aquí *''un caso''* de apelación de acuerdo con la ley que rige la materia, no hay necesidad de decidir en cuanto a ésta o cualquiera otra cuestión propuesta bajo el título de señalamiento de error.

Faltando aquí el *caso* en el sentido de la ley que rige las

apelaciones y, no existiendo la cuantía en controversia que la misma ley exige, no cabe la apelación para ante la Corte de Circuito de Apelaciones, por lo que se deniega la admisión de la propuesta.

El Juez Asociado Señor Aldrey disintió.*